THE MISSOURI PACIFIC RAILWAY COMPANY, PLAINTIFF IN ERROR, V. J. P. YOUNG.

Common Carriers. The M. P. Railway Company received a piano at W., to be carried to L. and delivered to a connecting common carrier for transportation to P. At L. the track of the M. P. railway crossed the track of the B. & M. railroad, the tracks and stations being connected by a " Y." The piano was carried to L. by the M. P. Railway Co., and delivered to two draymen to be transferred to the B. & M. Railroad Co. at its station. Before delivery to the last named railroad company, and while in the possession of the draymen, it fell out of the wagon and was broken, and was not received by the agent of the B. & M. Railroad Company. *It was Held,* That the verdict of the jury in favor of the owner of the piano in an action against the M. P. Railway Company was sustained by the evidence, and that by the instructions of the court the question as to whether the draymen or the B. & M. Railroad Company was the connecting common carrier was fairly submitted to them for decision.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*B. P. Waggener* and *A. N. Sullivan*, for plaintiff in error, cited: *Hood v. Ry.*, 22 Conn., 1. *Burtis v. Buffalo, etc., Ry.*, 24 N. Y., 269. *Root v. G. W. Ry.*, 45 N. Y., 525. *Grover & Baker Sewing Machine Co. v. Mo. Pac. Ry.*, 70 Mo., 672. *Erie Ry Co. v. Wilcox*, 84 Ill., 239. *York County v. Cent. R. R.*, 3 Wall., 107. *St. Louis & I. M. R. R. v. Larned*, 103 Ill., 293. *Irish v. Mil. & St. Paul Ry.*, 19 Minn., 376. *Angle v. M. & M. Ry. Co.*, 9 Iowa, 488. *McDonald v. West. R. R. Cor.*, 34 N. Y., 497. *Ortt v. M. & St. L. Ry. Co.*, 31 N. W. R., 519. *Bancroft v. Merchants' Des. Co.*, 47 Iowa, 262. *Congar v. Galena, etc., Ry. Co.*, 17 Wis., 477, 484, 485. *Parmelee v. Lowitz*, 74 Ill., 116.

*Covell & Polk*, for defendant in error, cited: *Smith v. N. Y. Central R. R. Co.*, 41 N. Y., 620. *Railroad Co. v. Manufacturing Co.*, 16 Wallace, 318. *McDonald v. Western R. R. Cor.*, 34 N. Y., 497. *Rome Railroad Co. v. Sullivan*, 25 Ga., 228. *Cutts v. Brainerd*, 42 Vt., 566. *Illinois Cent. R. R. Co. v. Johnson*, 34 Ill., 389. *Foy v. Troy & Boston R. R. Co.*, 24 Barb., 382. *Illinois Cent. R R. Co. v. Frankenberg*, 54 Ill., 88. *Wood v. Milwaukee & St. P. R. R. Co.*, 27 Wis., 541. *Squire v. The Railroad*, 98 Mass., 240. *Schneider v. Evans*, 25 Wis., 241. *Nelson v. The Railroad*, 48 N. Y., 507. *Wood v. Crocker*, 18 Wis., 345.

REESE, CH. J.

Defendant in error delivered to plaintiff in error, at Weeping Water, a piano, to be transported from Weeping Water to Louisville and " delivered to a connecting common carrier," to be conveyed thence to Plattsmouth. The piano was presented to the agent of the Burlington &

Missouri River Railroad Co. at Louisville, who declined to receive it, owing to its having been damaged.

It is shown by the evidence that the piano was received by plaintiff in error and transported to its station at. Louisville, which was at a point on its line where its road. crossed the track of the Burlington & Missouri River railroad, but some little distance from the depot of the latter road, perhaps about one mile; that at the point of crossing there is a mechanical connection of the two tracks. by means of what is known as a "Y," and by which cars. can be run from one station to another. The piano in question was not transported to the station of the Burlington & Missouri River railroad by plaintiff in error, but was delivered to what is denominated the Louisville Transfer Company for delivery to the Burlington & Missouri River railroad station. This Louisville Transfer Company consisted of two men, Mr. Brown and Mr. Twist, who, as they testified, were in the business of draying or hauling goods of all kinds from one depot to the other, and elsewhere about the town of Louisville, as the owners might direct. When the piano was received at the station in Louisville, the agent of plaintiff in error delivered it to the company of men referred to, who took it upon a wagon or dray, and in unloading it out of the wagon, it being too heavy for the two persons to handle, it fell out of and over the edge of the wagon, and was broken.

As we view the record, the only question presented for decision is, whether or not plaintiff in error complied with the terms of its contract, in delivering to the persons referred to, as "a connecting common carrier."

The evidence leaves no doubt but that the Burlington &. Missouri River Railroad Company was a connecting common carrier with plaintiff in error. Their tracks were so. arranged as to make the connection and enable them to. deliver freight from one to the other at the proper station house. It was, therefore, the duty of plaintiff in error, in

compliance with its contract, to deliver the piano to the Burlington & Missouri River Railroad Company at its station. There is no proof that defendant in error had knowledge of the existence of the transfer company as a connecting common carrier. He had the right to depend, and doubtless did depend, upon the conveyance of the property by plaintiff in error to the station on the other railroad. It appears that plaintiff in error had adopted the custom of transferring freight, when received in car load lots, from their station to that on the other railroad. But that when received in less than car load lots it was delivered to the transfer company, who paid charges, added its own, and delivered to the Burlington & Missouri River railroad, which paid the aggregate charges and forwarded the property. This arrangement, made perhaps for the convenience of the railroad companies and the draymen, could not affect the rights of defendant in error. The same rule must be applied as was applied in the case of *Hooper v. Ry. Company*, 27 Wis., 81.

We do not believe it could be contended with any degree of success that, had plaintiff in error delivered the property in question to a single drayman in Louisville, whether at the request of the drayman or upon its own motion, for delivery at the station of the other railroad, that it could thereby in any degree diminish its responsibility for the delivery to such station by calling such drayman a connecting common carrier. Neither can we see how the rule can be changed by reason of the fact there were two draymen, who called themselves a transfer company. They were simply the agents of plaintiff in error for the purpose of performing an act which plaintiff in error was by its contract bound to perform, but with less trouble and expense to plaintiff in error than to have discharged the duty itself.

The question as to whether the Louisville Transfer Company was a common carrier, was fully and fairly sub-

mitted to the jury by proper instructions defining the meaning of common carrier, and by which the whole issue of fact was presented to and passed upon by them. Their verdict being in favor of defendant in error for the amount of damage sustained, is supported by sufficient evidence, and cannot be molested.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.