MARY C. RINGWALT *v.* WABASH RAILROAD COMPANY ET AL.

FILED SEPTEMBER 17, 1895. No. 6142.

1. **Carriers: LIABILITY FOR BAGGAGE OF PASSENGERS.** A common carrier undertaking to transport the baggage of its passengers is held by the law to the strictest accountability; and if the carrier receives such baggage, and undertakes its carriage, it cannot be relieved from liability therefor by anything save the act of God or the public enemy; but a carrier is not liable for the baggage of its passenger unless the evidence shows that the baggage claimed to be lost and sued for came into the possession of the carrier.

2. ————: ————: EVIDENCE. R. purchased from the Wabash Railroad Company at Omaha, Nebraska, a ticket from that place to Lexington, Kentucky. In making the journey according to the terms of the ticket R. traveled first over a line of the Union Pacific Railway Company, then over a line of the Wabash Railroad Company, thence over the lines of other carriers to Lexington. On the afternoon of the day she began her journey from Omaha, R. placed her jewelry in her trunk, locked it, and delivered it to a drayman, by whom it was transported from her residence to the depot of said Union Pacific Railway Company, whose agent then accepted the trunk and checked it through to Lexington. The last carrier, at its depot in Lexington, deliv-

Ringwalt v. Wabash R. Co.

ered the trunk to a drayman, who hauled it to R.'s residence where it was opened, and R. then discovered that her jewelry was missing. The trunk bore no indication of having been opened or tampered with. In a suit by R. against the Wabash Railroad Company for the value of said jewelry, *held*, (1) that the trunk while in the possession of the draymen at Omaha and Lexington was in the possession of R.'s agents; (2) that until some evidence was introduced showing the trunk was not opened nor tampered with while in the possession of said draymen the presumption would not arise that the jewelry was lost from the trunk while in the possession of any of the said railroad companies.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

*Morris & Beekman*, for plaintiff in error, cited: *Candee v. Pennsylvania R. Co.*, 21 Wis., 587; *Illinois Central R. Co. v. Copeland*, 24 Ill., 332; *Gray v. Jackson*, 51 N. H., 9; *Morse v. Brainerd*, 41 Vt., 550; *Root v. Great Western R. Co.*, 45 N. Y., 524; *Atchison, T. & S. F. R. Co. v. Roach*, 35 Kan., 740; *Hill Mfg. Co. v. Boston & L. R. Co.*, 104 Mass., 122; *Ohio & M. R. Co. v. McCarthy*, 96 U. S., 258; *Peet v. Chicago & N. W. R. Co.*, 19 Wis., 119; *Ogdensburg & L. C. R. Co. v. Pratt*, 22 Wall. [U. S.], 123; *Texas & P. R. Co. v. Fort*, 9 Am. & Eng. R. Cases [Tex.], 392; *Texas & P. R. Co. v. Ferguson*, 9 Am. & Eng. R. Cases [Tex.], 395; *Louisville, N. A. & C. R. Co. v. Nicholai*, 30 N. E. Rep. [Ind.], 424; *Beard v. St. Louis, A. & T. H. R. Co.*, 79 Ia., 528; *Evansville & C. R. Co. v. Androscoggin*, 89 U. S., 594.

*John L. Webster*, *contra*, cited: 2 Beach, Railways, sec. 906; *Kessler v. New York C. & H. R. R. Co.*, 61 N. Y., 538; *Montgomery & E. R. Co. v. Culver*, 75 Ala., 587; *Michigan C. R. Co. v. Mineral Springs Mfg. Co.*, 16 Wall. [U. S.], 318; *Croft v. Baltimore & O. R. Co.*, 1 McA. [D. C.], 492; *Kerrigan v. Southern P. R. Co.*, 81 Cal., 248; *Myrick v. Michigan C. R. Co.*, 107 U. S., 107.

RAGAN, C. .    .

In April, 1890, Mrs. Mary C. Ringwalt purchased of
the Wabash Railroad Company at Omaha, Nebraska, a
railroad ticket from that city to Lexington, Kentucky.
In the journey on the ticket Mrs. Ringwalt traveled over
the line of the Union Pacific Railway Company from
Omaha to Council Bluffs, Iowa; from Council Bluffs,
Iowa, to St. Louis, Missouri, over the lines of the Wabash
Railroad Company and the Omaha & St. Louis Railroad
Company; from St. Louis, Missouri, to Cincinnati, Ohio,
over the line of the Ohio & Mississippi Railroad Com-
pany; and from Cincinnati, Ohio, to Lexington, Ken-
tucky, over the line of the Cincinnati Southern Railway
Company. On the day that Mrs. Ringwalt left the city
of Omaha to make her journey she delivered her trunk,
containing certain articles of personal property, to the
Wabash Railroad Company for transportation as baggage
to Lexington. The delivery of the trunk was made to the
Wabash Railroad Company by delivering it to the Union
Pacific Railway Company at its depot in the city of Omaha,
the first carrier over whose line of road Mrs. Ringwalt
would travel in making her journey according to the terms
of her ticket. The agent of the Union Pacific Railway
Company examined the ticket held by Mrs. Ringwalt,
punched the same, accepted the trunk or baggage of Mrs.
Ringwalt, and checked the same through to Lexington, de-
livering at the same time to Mrs. Ringwalt the ordinary
railroad check or receipt used by common carriers in this
country, and the production of which at Lexington would
authorize the delivery of the trunk to the holder of said
check or receipt. Mrs. Ringwalt brought this suit in the
district court of Douglas county against the Wabash Rail-
road Company to recover the value of certain jewelry be-
longing to her and which she alleges was in said trunk
when it was accepted and checked by the Wabash Railroad

Company, and which jewelry was stolen from said trunk while in transit between the cities of Omaha, Nebraska, and Lexington, Kentucky. At the close of the evidence the jury, in obedience to an instruction of the district court, returned a verdict in favor of the Wabash Railroad Company, and to reverse the judgment of dismissal entered upon this verdict against her Mrs. Ringwalt has prosecuted to this court a petition in error.

There are a number of interesting and important legal questions extensively discussed in the briefs of counsel for the respective parties to this case, but an examination of these questions becomes unnecessary in view of the fact that we have reached the conclusion that the judgment of the district court must be sustained solely on the ground that the evidence in the record is insufficient to sustain a finding and judgment against the Wabash Railroad Company for the property sued for. The evidence is that the jewelry was placed in the bottom of the trunk by Mrs. Ringwalt at her residence, or where she was stopping, in the city of Omaha, about 3 o'clock in the afternoon; that the trunk was locked and sent by an expressman or drayman to the Union Pacific depot, where it was checked about 4 o'clock in the afternoon of the same day. The trunk appears to have reached Lexington, Kentucky, late in the afternoon and was taken from the depot of the carrier last transporting it to the residence or stopping place of Mrs. Ringwalt in Lexington by an expressman or drayman. In the night of the arrival of said trunk Mrs. Ringwalt opened the same and then discovered that the jewelry sued for was missing. The condition of the trunk was apparently in all respects the same when received by Mrs. Ringwalt in Lexington that it was when she started it from Omaha. The lock of the trunk had not been broken, nor had the trunk been opened, so far as could be ascertained.

We assume for the purposes of this case the competency of the Wabash Railroad Company to enter into a contract

with Mrs. Ringwalt to transport herself and baggage from the city of Omaha, Nebraska, to Lexington, Kentucky, and that the Wabash Railroad Company would be liable to Mrs. Ringwalt for any default in the performance of such contract. We also assume that the Union Pacific Railway Company, in all that it did towards the transporting of Mrs. Ringwalt on the ticket she held from Omaha to Council Bluffs, and in accepting, checking, and forwarding her trunk or baggage was acting for and on the behalf of the Wabash Railroad Company; and if the evidence would support a finding that the jewelry sued for in this action was in the trunk of Mrs. Ringwalt at the time the trunk was accepted and checked by the agent of the Union Pacific Railway Company at the depot in Omaha, by virtue of the ticket held by Mrs. Ringwalt, and if the evidence would support the further finding that said jewelry was not in said trunk at the time it was delivered to Mrs. Ringwalt by the last carrier at Lexington, then we have no doubt as to the accountability of the Wabash Railroad Company to Mrs. Ringwalt for the value of said jewelry. There is, however, a lack of evidence to show that the jewelry sued for was in the trunk when checked at the Union Pacific depot at Omaha, Nebraska. Had the expressman or drayman who hauled the trunk from the residence of Mrs. Ringwalt to the depot at Omaha been called and testified that he transported the trunk to the depot and delivered it to the agent there in the same condition in which he received it, we think that this would have been sufficient evidence to sustain a finding that the trunk when delivered to the Wabash Railroad Company contained the jewelry sued for. A common carrier undertaking to transport the baggage of its passenger is held by the law to the strictest accountability; and if the carrier receives such baggage and undertakes its carriage, it cannot be relieved from liability therefor by anything save the act of God or the public enemy; but while the law holds the carrier to this rigid

accountability, we know of no rule of law that will render a carrier liable for the baggage of a passenger unless the evidence ,shows that the baggage sued for came into the possession of the carrier.

There is one thing further to be said of this judgment. If we should hold that the evidence is sufficient to support a finding that the jewelry sued for was in the trunk of Mrs. Ringwalt when it was accepted for transportation by the Wabash Railroad Company at Omaha, still there is no evidence which shows or tends to show that this trunk may not have been opened and the jewelry abstracted from it after it was delivered by the last carrier at Lexington to the expressman or drayman who transported it from the depot there to the stopping place of Mrs. Ringwalt. The Wabash Railroad Company cannot be held liable to Mrs. Ringwalt for this jewelry on mere conjectures. The law does not presume that the expressman who hauled the trunk from Mrs. Ringwalt's residence in Omaha, Nebraska, to the depot there opened the trunk and stole the jewelry. It does not presume that the agent or servants of any of the carriers between Omaha and Lexington opened the trunk and stole the jewelry, or that the jewelry was stolen by the drayman in Lexington who transported the trunk from the depot at that place to the residence of Mrs. Ringwalt. The law presumes dishonesty in no man, and to hold the Wabash Railroad Company liable in this action on the evidence in this record would be to indulge the presumption of honesty on the part of the draymen at Omaha and Lexington and dishonesty on the part of the servants of the railroad carriers. If the evidence in the record before us showed affirmatively that the trunk was not opened nor tampered with between the house of Mrs. Ringwalt and the Union Pacific Railway depot at Omaha, and that the trunk was not opened nor tampered with from the time it was delivered to the agent of Mrs. Ringwalt at the last carrier's depot at Lexington until it reached the hands of Mrs. Ringwalt, the

case would be entirely different and the liability of the Wabash Railroad Company for the property fixed; but the trunk while in the possession of the drayman at Omaha and in the possession of the drayman at Lexington was in the hands of the agents of Mrs. Ringwalt, and the presumption will not arise that the jewelry was lost or stolen while in the possession of the Wabash Railroad Company until she produces such evidence as will sustain a finding that the jewelry was in the trunk when it was accepted by the Wabash Railroad Company for carriage, and that the trunk had not been opened nor tampered with from the time it was delivered by the last carrier to her agent in Lexington until she opened it and found the jewelry missing. For the sole reason that the evidence will not support such findings the judgment must be and is

AFFIRMED.