Fort Worth and Denver City Railway Company v. J. W. Garlington et al.

Decided January 13, 1906.

**Testimony Based on Memorandum.**

Where a witness testified in answer to cross-interrogatories that he had no independent recollection of the facts testified to by him aside from the record made by him at the time, which record it was his duty to make, and which he knew to be correct; that he could not swear to the facts inquired about independently of the record, but knowing his record to be correct he was willing to swear to the facts therein contained, the deposition was properly excluded on the objection that the record was the best evidence.

Appeal from the County Court of Montague County. Tried below before Hon. Geo. S. March.

*Spoonts & Thompson* and *Marshall Spoonts,* for appellant.—Where a witness testifies that he is using a written record to refresh his memory, the testimony is not secondary in character and should be admitted. Flato v. Brod, 37 Texas, 735; Houston & T. C. Ry. Co. v. Burke, 55 Texas, 342; Faver v. Bowers, 33 S. W. Rep., 132.

*John Speer,* for appellee Garlington.—When the witness is unable to state that he has an independent recollection of the subject matter about which he is attempting to testify, he should not be permitted to pretend to "refresh his memory" from memoranda or books, and then to give as his testimony what such memoranda or books show. He may refer to any instrument or other object for the purpose of refreshing his memory; but must testify from his own recollection as refreshed by reference to such data. Flato v. Brod, 37 Texas, 735; Houston & T. C. Ry. Co. v. Burke, 55 Texas, 342; Faver v. Bowers, 33 S. W., 132 (all

cited by appellant); Watson v. Boswell, 61 S. W. Rep., 407; Shrouder v. State, 49 S. E. Rep., 702; State v. Aspara, 37 So. Rep., 883 (113 La., 440); Eatman v. State, 37 So. Rep., 576; Volusia Co. Bank v. Bigelow, 33 So. Rep., 704; Commonwealth v. Burton, 67 N. E. Rep., 479; Coxe v. Milbrath, 86 N. W. 174 (110 Wis., 499); Ascheim v. Levinsohn, 91 N. Y. Sup., 157; Kirschner v. Hirschberg, 90 N. Y. Sup., 351; McCarmith v. Gubner, 90 N. Y. Sup., 1073.

STEPHENS, ASSOCIATE JUSTICE.—Witness Connelly testified by deposition to the condition of appellee's horses when they were transferred from the Fort Worth & Denver City Railway to the Texas & Pacific Railway at Fort Worth, he being the business foreman of the latter company at its stockyards in Fort Worth. In answer to cross-interrogatories, he stated that he had no recollection of the horses aside from the record made at the time they were handled by him, which record it was a part of his duty to make and he knew to be correct, and, while he stated that he used the record to refresh his memory, he further stated that he could not say that, independent of the record, he could swear to the facts inquired about, but, knowing his record was correct, he was willing to swear to all that he had stated in his answer. The deposition was excluded on the objection that the answers to cross-interrogatories showed that the witness knew nothing except what the record showed, and that the record was the best evidence of what it contained, and to this ruling error is assigned.

The question thus raised has often been considered by courts and text writers, and, while difference of opinion still exists, we think the weight of authority, and of reason as well, sustains the ruling complained of. The true view seems to be that a writing which fails to refresh the memory of a witness, but which he knows to be a correct transcript of a fact known to him when the writing was made, and since forgotten, is thus made an essential part of his testimony, and when the oral testimony of the witness is offered in proof of such fact the opposite party may require the production of the writing, especially in view of the right to cross-examination. For a valuable discussion of the rule and the authorities, see the opinion of Supreme Court of Connecticut in Curtis v. Bradley, 28 L. R. A., 145). See, also, 1 Wigmore on Evidence, secs. 749, 753 and 754, where the question is exceptionally well treated. (See, also, Jones on Evidence, secs. 877-886, and Indirect and Collateral Evidence (Gillett), sec. 186.) The question of the application of the rule where the original writing can not be produced is not presented to us, and is, therefore, not discussed, but is treated in the authorities above cited. (See, also, Missouri, K. & T. Ry. v. Dilworth, 67 S. W. Rep., 88, and Sayles v. Bradley & Metcalf Co., 49 S. W. Rep., 209, 92 Texas, 406.)

The court did err, however, as between the two defendants, in giving special charge number 1, requested by the Texas & Pacific Railway Company, as to which there does not seem to be any controversy.

The judgment will be affirmed in favor of the appellee, Garlington, but, for the error pointed out, will be reversed, and the cause remanded, on the issue between the two railway companies.

*Affirmed in part and reversed in part.*