TEXAS & P. RY. CO. v. HENSON et al.

(Supreme Court of Texas. Nov. 30, 1910.)

CARRIERS (§ 224*)—FREIGHT—ACTION—VENUE —"TRANSPORTATION COMPANY."

A belt line railway company having 5 engines and 12 or 15 miles of track, whose business is to intercept cattle traffic some distance from stockyards and transport it over its own line to the yards, for which it is paid by the railroad company employing it to do so, is a "transportation company," within Laws 1905, c. 25, relating to the venue of suits against railroad corporations and assignees, etc., operating any railroad over whose transportation lines freight is carried, so as to prescribe the venue of suits against railroads, express or transportation companies, where any damage arises out of the transportation of freight, and for damages caused by the negligent handling of live stock on its own line.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 224.*

For other definitions, see Words and Phrases, vol. 8, p. 7076.]

Error from Court of Civil Appeals of Second Supreme Judicial District.

Action by R. N. Henson and others against the Texas & Pacific Railway Company, in which defendant filed a cross-action against the Ft. Worth Belt Railway Company. Judgment of the Court of Civil Appeals (121 S. W. 1127), affirming a judgment for plaintiff and affirming a judgment sustaining a plea of privilege to be sued in another county by the cross-defendant, and defendant brings error. Judgment for plaintiff affirmed, and judgment for the cross-defendant reversed and remanded.

Ed. W. Smith, for plaintiff in error. Caldwell & Whitaker and A. L. Green, for Henson and others. Capps, Cantey, Hanger & Short, for Ft. Worth Belt Ry. Co.

GAINES, C. J. R. N. Henson sued the Texas & Pacific Railway Company for delay and rough handling of a consignment of cattle shipped over its road from Stanton to Fort Worth. The Texas & Pacific Railway Company in due time impleaded the Ft. Worth Belt Railway Company, alleging that if the cattle were injured in the transit the injury was caused by the neglect of the Ft. Worth Belt Railway Company, and asked that it be made a party defendant, which was done. That company pleaded to the cross-action of the Texas & Pacific Railway Company, that its domicile was in Tarrant county and not in Midland county (where the action was brought), and asserted its privilege of being sued in the county of its domicile. This plea was sustained by the trial court, and the judgment was affirmed by the Court of Civil Appeals.

The question on this branch of the case is: Is the Ft. Worth Belt Railway Company a railroad company, a transportation company, or a common carrier of any kind or name whatever? We think this question admits of but one answer, and that is, that it is at least a transportation company. The statute reads as follows: "An act to amend section 1 of an act approved May 20th, 1899, entitled 'An act to prescribe the parties to and the venue of suits against railroad corporations and assignees, trustees and receivers operating any railway over whose transportation lines, or parts thereof, any freight, baggage or other property has been carried during transportation,' so as to prescribe the parties to and the venue of suits against railroads, express or transportation companies or common carriers of any kind, or the assignee, lessee, trustee or receiver of any such, operating or doing business in this state, or having an agent or representative in this state, where any damage, loss or other cause of action arises, out of the transportation or contract in relation to the carriage of passengers or freight, baggage or other property, and providing for the apportionment of the damage recovered between the defendants, and providing additional means of obtaining service on non-resident corporations or companies having agents in this state." Laws 1905, p. 29.

The statute says, "transportation companies" and we do not see why it does not mean transportation companies. It may be doubtful whether the Ft. Worth Belt Company is a railroad company in the broad sense of these terms, or a common carrier, but that it is a transportation company we have no doubt. The company has 5 engines and some 12 or 15 miles of railroad track, and its sole business is to intercept cattle on

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the way to the stockyards north of Fort Worth and to transport them over its own line to the latter place. Its work is paid for by the railroad company which employs it to transport the cattle to the stockyards; but we fail to see that that way of getting compensation for its services makes any difference. Our conclusion is that the Ft. Worth Belt Railway Company is a transportation company within the meaning of the statute quoted, and that, when it carries the cars of another company loaded with live stock from its intersection with such other company to the stockyards at Fort Worth and it fails to exercise proper care in the carriage or handling of such live stock, it becomes liable to the plaintiff, or to the company for which it acts in the transportation of the live stock, for all damages resulting from its negligence in so doing.

Our opinion is that for the error pointed out the judgment in favor of the Ft. Worth Belt Railway Company should be reversed, and the cause remanded for a new trial.

We have carefully examined the assignments of error against the judgment recovered by plaintiff, but have concluded that they were correctly overruled by the Court of Civil Appeals.

Accordingly the judgment in favor of plaintiff is affirmed, and that in favor of the Ft. Worth Belt Railway Company is reversed and the cause remanded.