MISSOURI, K. & T. RY. CO. et al. v. JARMON et al.

(Court of Civil Appeals of Texas. Ft. Worth. June 10, 1911. On Motion for Rehearing, Nov. 11, 1911.)

1. CARRIERS (§ 185*)—CARRIAGE OF LIVE STOCK—LIABILITY OF TERMINAL CARRIER — EVIDENCE.

The rule that, where freight has been transported by successive carriers, the burden of proof rests on the last carrier to show that it was not guilty of negligence resulting in injury to the freight, does not apply where the line of the alleged terminal carrier did not extend to the point of delivery, and where such carrier did not undertake to transport the freight beyond its own line, or where the agency of further transportation was not one over which it had control.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 835–850; Dec. Dig. § 185.*]

2. CARRIERS (§ 219*)—INJURIES TO FREIGHT—LIABILITY OF SUCCESSIVE CARRIERS—NEGLIGENCE.

Where cattle, delivered to the initial carrier in good condition, were, before the beginning of the transportation, subjected to treatment causing injuries, and the cattle, when delivered to a connecting carrier, were in an injured condition, the connecting carrier was not liable, and the initial carrier, adjudged liable to the shipper, could not, under Interstate Commerce Act June 29, 1906, c. 3591, 34 Stat. 584 (U. S. Comp. St. Supp. 1909, p. 1149), recover over against the connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 950, 951; Dec. Dig. § 219.*]

3. APPEAL AND ERROR (§ 1173*)—DISPOSITION OF CASE ON APPEAL—REVERSAL.

Where the initial carrier has not appealed from a judgment for a shipper against it, nor from a judgment in favor of a connecting carrier, the judgment will not be disturbed on appeal by other connecting carriers from an erroneous judgment against them in favor of the initial carrier.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4562–4572; Dec. Dig. § 1173.*]

Appeal from District Court, Mitchell County; James L. Shepherd, Judge.

Action by Hall Jarmon against the Missouri, Kansas & Texas Railway Company and others. From a judgment for plaintiff against defendant the Roscoe, Snyder & Pacific Railway Company, and for it against defendants Missouri, Kansas & Texas Railway Company of Texas and another, the two latter companies appeal. Reversed.

H. C. Hughes, for appellants. Ed J. Hamner, for appellee Jarmon. Arthur Yonge (Stephens & Miller, on motion for rehearing), for appellee Roscoe, S. & P. Ry. Co.

CONNER, C. J. Hall Jarmon sued the Roscoe, Snyder & Pacific Railway Company, the Texas & Pacific Railway Company, the Missouri, Kansas & Texas Railway Company of Texas, and the Missouri, Kansas & Texas Railway Company for damages to a shipment of cattle from Fluvanna, Tex., to the National Stockyards, East St. Louis, Ill. Plaintiff dismissed his suit against the Texas & Pacific Railway Company, and proceeded to trial against the others and recovered a judgment of $1,500 against the Roscoe, Snyder & Pacific Railway Company as the initial carrier, which in turn, in accordance with its prayer, recovered judgment for a like amount over against the Missouri, Kansas & Texas Railway Company of Texas and the Missouri, Kansas & Texas Railway Company. The last two companies alone appeal.

[1, 2] In the third and fifth assignments of error exception is made to the charge of the court in submitting the issue of negligence as against the Missouri, Kansas & Texas Railway Company, on the ground that as against that company the evidence did not raise the issue, and we think the assignments must be sustained. The plaintiff, Jarmon, neither in person nor by agent, accompanied the cattle, and no act or omission of negligence on the part of the Missouri, Kansas & Texas Railway Companies is pointed out or found by us in the record. It appears, perhaps, that appellee relies upon the fact, of which there was evidence tending to establish that when the cattle finally arrived at the stockyards in East St. Louis they were in a damaged condition. By agreement of the parties, however, it appears that the line of the terminal carrier, the Missouri, Kansas & Texas Railway Company, extends no farther than St. Louis, Mo., and the evidence entirely fails to show how or by what agency the cattle were transported from St. Louis, Mo., to East St. Louis, Ill., where they were delivered to the National Stockyards Company. Nor do we find in the record any contract on the part of the railway company last named by which it undertook to transport the cattle beyond the terminus of its own line, or any evidence that the agency of further transportation was one over which that company had any control. In this attitude of the proof the generally accepted rule that the burden of proof rests upon the last carrier to show that it was not guilty of negligence from which resulted the injuries has no application. See Martin v. K. C., M. & O. Ry. Co. (No. 6,929) 139 S. W. 615, recently decided by this court.

Moreover, if additional reason be needed, it affirmatively appears in the evidence that at Fluvanna, Tex., at and before the beginning of the transportation, the cattle were subjected to treatment and injuries from which damages probably resulted, and that, when the cattle were delivered to the Missouri, Kansas & Texas Railway Company of

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Texas at Ft. Worth, there were then one or more dead and injured cattle, and the presumption of negligence on the part of the terminal carrier materially rests upon proof that the cattle were delivered to the initial carrier in good condition. Appellee suggests that the court's charge restricted the jury in its findings for damages against the Missouri, Kansas & Texas Railway to such damages only as proximately resulted from its own negligence. But it by no means satisfactorily appears that the jury observed the restriction, inasmuch as under the court's instructions, in event they found for plaintiff, they were to find for him all damages against the initial carrier, which they presumably did, but in the same connection found against the appellants named for precisely the same sum, notwithstanding the evidence showing injury and damages by preceding carriers, including the Roscoe, Snyder & Pacific Railway Company. Under the interstate commerce act of June 29, 1906, the Roscoe, Snyder & Pacific Railway Company has the right of recovery over against other carriers in event only that it is able to prove that the damages, for which the plaintiff in the suit showed right of recovery, proximately resulted from the negligence of such other carriers. There being no legal evidence as against the present appellants tending to so show, we think, as before stated, that the court was in error in submitting the issue as complained of in the third and fifth assignments of error, and there was also error in failing to give appellants' special charge No. 1, set out in the fourth assignment of error, requiring the jury to so find.

[3] The errors above indicated require a reversal of the judgment as against the Missouri, Kansas & Texas Railway Company of Texas and the Missouri, Kansas & Texas Railway Company. The Roscoe, Snyder & Pacific Railway Company, however, has not appealed from the judgment in favor of plaintiff against it, nor from the judgment in favor of the Texas & Pacific Railway Company, and therefore the judgment in favor of these parties will not be disturbed, but as against the appellant railway companies the judgment will be reversed, and the cause remanded for trial upon the issues raised under the plea of the Roscoe, Snyder & Pacific Railway Company over against the appellants.

On Motion for Rehearing.

A re-examination of the record has failed to convince us of error in our original conclusions. As to the conclusion relating to the matter of leaving undisturbed the judgment in favor of Hall Jarmon and the Texas & Pacific Railway, which is especially assailed in the motion for rehearing, we are of the opinion that the practice adopted was correct. The plaintiff, Jarmon, alleged negligence on the part of the Roscoe, Snyder & Pacific Railway Company, and obtained a judgment which is in no wise dependent upon whether that company is entitled to a judgment over against appellants, and which is not attacked either by appeal or by cross-assignment. No reason is therefore perceived why the plaintiff, Jarmon, should be delayed pending a settlement of the issues material alone to the railway companies. The course pursued by us in the particular referred to, if not in harmony with Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548, as some of us think it is, is certainly in accord with the later cases of Texas & Pacific Ry. Co. v. Henson, 132 S. W. 118, and Ft. W. & D. C. Ry. Co. v. Garlington, 41 Tex. Civ. App. 340, 92 S. W. 270.

The *motion for rehearing is accordingly overruled.*