FT. WORTH BELT RY. CO. et al. v. PERRYMAN.

(Court of Civil Appeals of Texas. Ft. Worth. April 26, 1913. Rehearing Denied May 31, 1913.)

1. APPEAL AND ERROR (§ 773*) — DISMISSAL OF APPEAL—WANT OF PROSECUTION—BRIEFS —FAILURE TO FILE.

Where no briefs are filed in the Court of Civil Appeals, the appeal will be dismissed for want of prosecution.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3108–3110; Dec. Dig. § 773.*]

2. APPEAL AND ERROR (§ 1070*) — HARMLESS ERROR—VERDICT.

Where, in an' action for tort against two defendants, the jury, without authority, attempted to apportion the amount allowed plaintiff between defendants, but the court in entering the judgment disregarded such apportionment and decreed their recovery jointly and severally for the full sum against both defendants, the error in the verdict was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4231–4233; Dec. Dig. § 1070.*]

3. TRIAL (§ 329*)—VERDICT—ISSUES — DETERMINATION.

Where, in an action for injuries to an employé of S. & Co. against it and a railroad company, each defendant denied liability and pleaded by way of cross-action for judgment over against the other in the event plaintiff had judgment against it, a general verdict for plaintiff against both failing to dispose of the cross-pleas was erroneous, and could not be supported on the theory that the jury, having found the railroad company liable on the ground of its own

negligence, necessarily could not find it entitled to recover over against S. & Co.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774–776, 782; Dec. Dig. § 329.*]

4. APPEAL AND ERROR (§ 80*)—FINAL JUDGMENT—DEFECTIVE VERDICT.

Where a judgment appealed from was final in form, it was reviewable, notwithstanding it was based on a verdict which was defective in that it failed to dispose of certain cross-pleas filed by the defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 433, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

5. MASTER AND SERVANT (§ 87*)—FEDERAL EMPLOYER'S LIABILITY ACT—APPLICATION—EVIDENCE.

Evidence that an employé of a business corporation was engaged in interstate commerce at the time he was injured was inadmissible to establish a cause of action under the federal Employer's Liability Act (Act Feb. 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), since such act applies only to employés of railroads.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 138; Dec. Dig. § 87.*]

Appeal from District Court, Tarrant County; R. H. Buck, Judge.

Action by C. L. Perryman against the Ft. Worth Belt Railway Company and others. Judgment for plaintiff, and defendants appeal. Affirmed in part, and reversed and remanded in part.

Lassiter, Harrison & Rowland and H. M. Chapman, all of Ft. Worth, for appellants. Lattimore, Cummings, Doyle & Bouldin, of Ft. Worth, for appellee.

SPEER, J. C. L. Perryman instituted this suit against the Ft. Worth Belt Railway Company and Swift & Co. to recover damages for personal injuries received by him while engaged in making certain repairs to the passageway or vestibule of a doorway in one of the buildings owned and occupied by Swift & Co., whose employé he was. Appellee received his injuries through the negligence of the defendants in causing a string of cars to be moved while he was thus engaged at his work. Each defendant answered denying liability, and each pleaded by way of cross-action over against the other for judgment in the event plaintiff had judgment against it. There was a verdict and judgment for the plaintiff, and both defendants have appealed.

[1] The appeal of Swift & Co. is dismissed for want of prosecution, since no briefs have been filed in this court. Rule 39, 142 S. W. xiii.

[2] The Ft. Worth Belt Railway Company, hereafter called appellant, first complains that the verdict of the jury is unauthorized by the law as given in charge by the court in that the jury had no authority to apportion the damages. The verdict is as follows: "We, the jury, find for the plaintiff in the sum of $2,750 as follows: $1,833⅓ against the Ft. Worth Belt Railway Company, and

$916⅔ against Swift & Co." True, the charge in no manner authorized such apportionment; but the court in entering judgment disregarded this and decreed a recovery jointly and severally for the full sum of $2,750, so that, if there was technical error as insisted by the assignment, it is not carried into the judgment of which no complaint is made. Moreover, if error at all it appears to be in appellant's favor.

[3] It will be seen that the verdict did not expressly dispose of the cross-pleas filed by the defendants, and this is made the basis of complaint for appellant's second and third assignment of error. Appellee answers that the verdict, when construed in the light of the charge as it must be necessarily, does dispose of these pleas. Following is the charge as it affects the cross-plea of this appellant:

"If you find and believe from the evidence that the defendants Swift & Co. and Ft. Worth Belt Railway Company are both liable herein, and you further find and believe that in making the movements of the cars that were moved that said defendant Ft. Worth Belt Railway Company and its employés were directed to make or cause to be made such movements of said cars by the yardmaster of Swift & Co., if such be the case, and that it was customary and had so been the custom between these two companies at the time of said accident and prior thereto that when said Belt Railway Company was requested to come in and make certain movements of cars in said yards of the defendant Swift & Co. that the defendant Swift & Co., through its yardmaster or other agents, would notify its employés of any danger likely to arise from said movement of said cars, and warn them, and have them removed from the proximity of said danger, and you further find and believe that they failed to do so on this occasion, and that such failure, if any, was the direct and proximate cause of the injuries, if any, inflicted upon the plaintiff, and you further find and believe that a reasonably and ordinarily prudent person would have relied upon such custom and agreement, if any existed between said defendant Swift & Co. and said defendant Ft. Worth Belt Railway Company, as above mentioned, then such verdict, if any, as you find against the Ft. Worth Belt Railway Company you will also find in favor of said Ft. Worth Belt Railway Company against said defendant Swift & Co."

The contention of appellee is that, having found this appellant liable upon the ground of its negligence necessarily under the charge quoted, it would not be entitled to recover over against its codefendant. But this is not true, for this appellant might be held liable to the appellee's suit for its negligence in injuring him, and yet by reason of the superior or active negligence of its codefendant as submitted in the above charge be entitled

to judgment over against it. The verdict is fatally defective in not disposing of this issue.

[4] The judgment as already stated, however, is final in form, and we have jurisdiction to revise it. It is apparent the error affects only the rights of the two defendants, and the judgment in favor of appellee is, therefore, in all respects affirmed, while that between the appellants upon the Ft. Worth Belt Railway Company's plea over against Swift & Co. will be reversed and remanded for another trial. Rule 62a, 149 S. W. x; F. W. & D. C. Ry. Co. v. Garlington, 41 Tex. Civ. App. 340, 92 S. W. 270.

[5] An exception was taken by this appellant to the court's ruling in refusing to permit it to prove that the car to which the vestibule on which appellee was at work at the time of the accident was attached was being unloaded of freight which had come to Ft. Worth from a point beyond the state of Texas, and to show, in short, that appellee at the time of the injury was engaged in interstate commerce. The ruling was right, however, since the federal Employer's Liability Act could have no application whatever to this case in so far as it affects appellant, because appellee was in no sense an employé of this appellant; the act applying only to cases of injuries to or the death of employés of railroads. Federal Statutes Anno. Supplement 1909, p. 584 (U. S. Comp. St. Supp. 1911, p. 1322).

Affirmed in part; reversed and remanded in part.