MORRIS GOODMAN *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Suffolk.    January 13, 1936. — September 9, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Carrier,* Of goods.

From the facts, that a common carrier by steamship operating between Portland in the State of Maine and Boston accepted at Portland property in good condition and issued a bill of lading naming a consignee in Lowell and describing the route as by railroad from Boston, that the railroad did not actually connect with the steamship wharf

in Boston, that the goods were transported from the steamship wharf to the railroad by a truckman, and that full charges from Portland to Lowell were collected by the railroad corporation from the consignee, warranted findings that the truckman was an agent of one of the carriers and a participant as a common carrier in transportation from Portland to Lowell by connecting carriers; and, it appearing that the goods arrived in a damaged condition, the presumption that the damage was caused by the last carrier was applicable.

The last of connecting common carriers cannot avoid application of the rule that, when goods received by an initial carrier in good condition are shipped by connecting carriers and arrive in a damaged condition, there is a presumption that the damage was caused by the last carrier, by issuing, upon receipt of the goods from the carrier preceding it, its own new bill of lading naming that carrier as consignor.

CONTRACT. Writ in the Municipal Court of the City of Boston dated January 18, 1933.

The action first was heard by *Good*, J., who found for the defendant. Upon report by him, the Appellate Division ordered a new trial. A second hearing was by *Adlow*, J., who found for the plaintiff. Upon a report by him, the Appellate Division ordered a new trial solely on the issue of damages. Damages were assessed by *Putnam*, J., in the sum of $263.93. The defendant appealed from both orders of the Appellate Division.

· *A. W. Blackman*, for the defendant.

*L. Meltzer*, for the plaintiff.

RUGG, C.J. The plaintiff seeks to recover in this action of contract compensation for injury to certain goods delivered to him by the defendant in Lowell in this Commonwealth in a damaged condition. There was evidence tending to show these facts: The goods were packed properly by a shipper in Portland, Maine, in cases marked to show that their contents were fragile. They were delivered to the Eastern Steamship Lines, Inc., which issued a bill of lading wherein the plaintiff was named as consignee, the destination was stated to be Lowell, Massachusetts, and the route was described as New York, New Haven and Hartford Railroad, the delivering carrier from Boston; the goods were transported by the Eastern Steamship Lines, Inc., from its wharf in Portland to its wharf in Boston; they were taken from the latter wharf by a teamster of a Boston

truckman and carried "a distance of a mile or two" to the freight station of the defendant in Boston. On receiving the goods from the teamster, the defendant gave him a bill of lading issued by it acknowledging their receipt from him and showing the Eastern Steamship Lines, Inc., as the shipper of the goods from Boston consigned to the plaintiff at Lowell; there was no other evidence as to the contents of that bill of lading. The goods were transported over the lines of the defendant from its freight station in Boston to its station in Lowell, where they were received by a teamster employed by the plaintiff, handled by him with care and delivered to the plaintiff; they then were found to be in a damaged condition. The plaintiff paid the defendant about $10 in full for transportation charges from Portland to Lowell. Neither the defendant nor the plaintiff was able to show where the goods were damaged. There is in the record no evidence as to the person who employed the Boston truckman to take the goods from the wharf of the Eastern Steamship Lines, Inc., in Boston to the freight station of the defendant in Boston, nor as to the nature of the business of that truckman except such as may be inferable from the name.

The case has been twice tried in the Municipal Court of the City of Boston, twice heard by the Appellate Division of that court, and damages have been determined finally. It has been settled that the plaintiff is not entitled to recover from the defendant under the provisions of the interstate commerce act. Any question of common control or arrangement between the defendant and the Eastern Steamship Lines, Inc., has been eliminated. The case is before us on appeals from both decisions by the Appellate Division.

The only question now argued by the defendant, stated broadly, is whether the presumption, that the damage happened on the line of the terminal carrier in instances where goods transported by connecting common carriers are shown to have been delivered to the initial carrier in good condition and are found upon their delivery by the terminal carrier to be in damaged condition, applies on the evidence here disclosed in its aspect most favorable to the plaintiff.

There is a presumption that, where property has been delivered in good condition to a common carrier for transportation over the lines of connecting common carriers, it remains in good condition until shown to be in bad condition. That ordinarily can be proved only upon delivery at destination by the final carrier. At common law and apart from contract or statute, the first carrier is not answerable for the whole transit and is not subject to an adverse presumption. Therefore there has arisen a rule of convenience, if not of necessity, that the last carrier must explain the loss and, if unable to do so, the loss is presumed to have occurred on the line of the last carrier. Shortly stated, the rule is that; "When goods are shipped over connecting lines and arrive at their destination in a damaged condition there is a presumption that the damage was caused by the last carrier." *Lyon* v. *Boston & Maine Railroad,* 261 Mass. 251, 253. As was said by Holmes, J., in *Moore* v. *New York, New Haven & Hartford Railroad,* 173 Mass. 335, at page 337: ". . . it is almost necessary to call on the last carrier to explain the loss if the owner of the goods is to have any remedy at all. To do so is not unjust, since whatever means of information there may be are much more at the carrier's command than at that of a private person." This rule is thoroughly established and prevails widely. *Cote* v. *New York, New Haven & Hartford Railroad,* 182 Mass. 290. *Chicago & Northwestern Railway* v. *C. C. Whitnack Produce Co.* 258 U. S. 369, 372, and cases collected.

The defendant contends that it cannot be held liable in this action on the ground that the presumption just described cannot be held applicable to it because the continuity of the route of common carriers was broken by the intervention of the truckman in taking the goods in Boston from the wharf to the railroad station. Its argument is that, that truckman not being shown to be a common carrier, the defendant and the Eastern Steamship Lines, Inc., were not connecting carriers. A common carrier is one who undertakes for hire or reward to transport from place to place the property of those who choose to employ him. He is in general bound to take without discrimination the

goods of all who offer to employ him, unless special reasons justify a refusal. *Dwight* v. *Brewster*, 1 Pick. 50, 53. *Propeller Niagara* v. *Cordes*, 21 How. 7, 22. *Stimson Lumber Co.* v. *Kuykendall*, 275 U. S. 207, 211. There are private carriers who conduct extensive carriage of goods in both intrastate and interstate commerce, whose business is recognized as lawful and who cannot against their will be converted into common carriers even by State legislation. *Michigan Public Utilities Commission* v. *Duke*, 266 U. S. 570, 577. *Frost & Frost Trucking Co.* v. *Railroad Commission of California*, 271 U. S. 583, 592. Although a truckman may be a common carrier, usually the word indicates a private carrier. *Commonwealth* v. *Peoples Express Co.* 201 Mass. 564, 579–580. *Houle* v. *Lewonis*, 245 Mass. 254. It appears, however, that the Eastern Steamship Lines, Inc., on the bill of lading issued by it, described the defendant as the delivering carrier from Boston. It must be presumed that the Eastern Steamship Lines, Inc., knew that the defendant did not actually connect with its wharf in Boston. It is inferable that, in issuing such a bill of lading to the shipper, the initial carrier undertook the obligation of delivering the goods to the next named common carrier. As the initial carrier received the goods "with explicit directions as to their transportation and forwarding, it assumed the obligation of transporting them and delivering them to the next carrier with and in accordance with these directions." *Saxon Mills* v. *New York, New Haven & Hartford Railroad*, 214 Mass. 383, 390. *Shapiro* v. *Boston & Maine Railroad*, 213 Mass. 70, 73. See *Commonwealth* v. *Peoples Express Co.* 201 Mass. 564. The collection by the defendant of all transportation charges from Portland to Lowell is an indication that the defendant regarded the truckman as a link in the chain of carriage. The goods came into the possession of the defendant as the delivering carrier named in the original bill of lading. To this end it may have availed itself of the agency of the truckman. If the truckman was the agent of either the initial or the delivering carrier, he was a participant in the transportation of the goods for his principal as common carrier. The circum-

stance that the initial carrier was a steamship company and conducted its business on the water does not prevent the application of the presumption. It was a common carrier with the general liability of an insurer except against losses peculiar to transportation on water. *The Folmina,* 212 U. S. 354, 361. *Crawford & Law* v. *Allan Line Steamship Co. Ltd.* [1912] A. C. 130.

The issue of a new bill of lading by the defendant does not affect its liability under the original shipment. That new bill of lading was not issued to either the original consignor or the original consignee. Carriers cannot avoid their liabilities at common law by the device of treating one another as consignor. The cases cited by the defendant, such as *Ringwalt* v. *Wabash Railroad,* 45 Neb. 760;. *Missouri, Kansas & Texas Railway* v. *Jarmon,* 141 S. W. 155; *Missouri Pacific Railway* v. *Young,* 25 Neb. 651, are clearly distinguishable in their facts or in the governing statutes, and need not be reviewed.

No reversible error is found on the record. Judgment may be entered for the plaintiff in the sum of $263.93, the amount for which damages have been assessed, with proper addition for interest.

*So ordered.*