CITY BANK OF NEW HAVEN *vs.* ROBERT WILSON & another.

Hampden.    September 25, 1906. — November 26, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Assignment.    Payment.    Estoppel.*

In an action of contract by a bank for the price of goods sold and delivered to the defendant by the plaintiff's assignor, a corporation which had become bankrupt, it appeared that the plaintiff before the bankruptcy from time to time had discounted certain notes of the plaintiff's assignor and had taken as security an assignment of the accounts sued upon, and that the defendant in spite of notice from the plaintiff of each assignment had paid the money due on the accounts to the plaintiff's assignor at its request. The defendant introduced evidence tending to show that it had become the regular course of business between the defendant and the plaintiff's assignor for the defendant to pay the money due on the accounts to the assignor after the assignments, although in the majority of cases where these payments were made the loans to secure which the accounts had been assigned had not been paid. There was no evidence that the plaintiff authorized any of these payments and its officers testified that they had no knowledge that the payments were made, although the plaintiff's president testified that the bank might have given the defendant an occasional oral reminder that the amount had not been paid and should be; and that the plaintiff's vice-president testified that complaint had been made from time to time to the treasurer and assistant treasurer of the assignor that debtors did not remit directly to the plaintiff as they should do although he was unable to say whether such complaint was made in regard to the defendant. The judge, before whom the case was tried without a jury, found for the plaintiff. *Held*, that the finding for the plaintiff was warranted ; that, even if the course of business between the defendant and the plaintiff's assignor was as contended by the defendant, there was no such knowledge of and acquiescence in it on the part of the plaintiff as to estop the plaintiff from denying that the payments to its assignor had been made by its authority ; and that the extent to which the plaintiff knew or had reasonable cause to know the course of business between its assignor and the defendant was a question of fact to be determined by the judge who heard the case.

MORTON, J.    The plaintiff is a banking corporation of New Haven, Connecticut, and discounted from time to time notes of the E. S. Wheeler and Company, also a corporation of New Haven, dealing in plumbers' supplies, taking as collateral security therefor assignments of accounts for goods sold by that company to the defendants, who were plumbers doing business in Springfield.    The E. S. Wheeler and Company became bankrupt, and this is an action to recover the amount of five accounts assigned

as aforesaid as security for loans for which the E. S. Wheeler
and Company was indebted to the plaintiff. The defendants
have paid the accounts to the E. S. Wheeler and Company.
The judge of the Superior Court, before whom the case was
tried without a jury, found for the plaintiff, and the case is here
on exceptions by the defendants to the refusal of the judge to
make certain findings of fact and to give certain rulings of law
that were requested.

The rulings of law that were requested were in substance
almost if not quite identical with the findings of fact that were
asked for, and the question is whether the conduct of the plain-
tiff in view of what could have been found to be the course of
dealing between the defendants and the E. S. Wheeler and Com-
pany was such as to prevent the plaintiff from recovering of the
defendants either on the ground of estoppel or implied agency, or
both.

There was testimony tending to show that the defendants first
began to purchase goods of the E. S. Wheeler and Company in
March, 1897, and continued to make purchases from time to time
till August, 1903, and that during that time twenty-seven differ-
ent purchases were made by them. As the purchases were made
the accounts representing them were assigned by the E. S.
Wheeler and Company to the plaintiff by separate writings as
security for loans made by the plaintiff to the E. S. Wheeler and
Company. Upon receipt of each assignment the plaintiff sent
to the defendants a notice that the account had been assigned to
it and that payment must be made to it. Notwithstanding such
assignments and notices the defendants, at the request of the
E. S. Wheeler and Company, paid to it from time to time the
accounts thus assigned, including those now in suit, and there
was testimony on behalf of the defendants tending to show that
it became the regular course of business for the E. S. Wheeler
and Company to receive payment of the accounts which had
been assigned, and that in the majority of cases where payments
were made to the E. S. Wheeler and Company the loans for
which the accounts had been assigned as security had not been
paid when the account was paid. There were no notices or com-
munications to or from the plaintiff to the defendants or the
defendants to the plaintiff except the notices aforesaid, and no

demand for payment, except as contained in these notices, was made upon the defendants by the plaintiff till after the bankruptcy of the E. S. Wheeler and Company. The defendants were not authorized by the plaintiff to make payment to the E. S. Wheeler and Company, and the E. S. Wheeler and Company had no authority oral or written, express or implied, to receive payment, except so far as might be inferred from the course of business, and "except," as the president of the E. S. Wheeler and Company, whose deposition was taken by the defendants, said, "so far as an occasional oral reminder to hasten collections might have reference to some such matters." This reminder he subsequently stated in the course of his cross-examination was "simply to the effect that the amount had not been paid and should be." There was an auditor's report in favor of the plaintiff which was introduced in evidence, and the vice-president of the plaintiff corporation, to whom written interrogatories were filed by the defendants, in answer to a question as to what knowledge he had that the accounts or any of them had been paid by the defendants direct to the E. S. Wheeler and Company after they had been assigned to the plaintiff, said, "I had no knowledge that any of these accounts had been paid by the defendants to Wheeler and Company direct after they had been assigned to the bank save in such cases as occurred in some of our dealings with the Wheeler Company wherein some debtors improperly sent checks to the Wheeler Company and they indorsed them over to us." He also testified that complaint was made from time to time to the treasurer and assistant treasurer of the E. S. Wheeler and Company that debtors did not remit directly to the plaintiff as they should do, though he was unable to say whether such complaint was made in regard to the defendants.

It is plain, we think, that the plaintiff did nothing and said nothing in the way of direct intercourse or communication between it and the defendants to warrant them in making payment to the E. S. Wheeler and Company. On the contrary as often as an account was assigned to it by that company, it notified the defendants of that fact and that payment must be made to it. It had no other dealings or communications with the defendants. The defendants acted of their own motion and at

the request of the E. S. Wheeler and Company, in making payment to the latter. They were not induced by anything which the plaintiff said or did to them to make such payments, and those elements of estoppel are, therefore, wanting.

The defendants contend however that, notwithstanding the notices which were thus sent, the plaintiff knew or had reasonable cause to know the course of business between them and the E. S. Wheeler and Company and acquiesced in it and thereby constituted the E. S. Wheeler and Company its agents to receive payment of the bills that had been assigned to it, and are thus prevented from objecting to the payments made by the defendants. The extent to which the plaintiff knew or had reasonable cause to know the course of business between the defendants and the E. S. Wheeler and Company, and therefore acquiesced in it, was a question of fact to be determined by the judge who heard the case. It is true that it did not appear that in a single instance was a payment made direct by the defendants to the plaintiff; but, in the opinion of the court, this may have been accounted for, in part at least, by the fact that some of the notes for which the bills were assigned as collateral were paid before the bills fell due, in which case the plaintiff would have no further interest in the collateral. Moreover the vice-president of the plaintiff corporation, who presumably had charge of or was familiar with the business of the bank, testified as already observed that he had no knowledge that any of the accounts had been paid direct to Wheeler and Company after assignment to the bank except that in some cases debtors improperly sent checks to the E. S. Wheeler and Company and they indorsed them over to the bank. There was also evidence tending to show that complaint was made to the E. S. Wheeler and Company by the plaintiff that remittances were not uniformly made to it by debtors as they should be. Still further, there was an auditor's report in favor of the plaintiff which was introduced in evidence. The judge could therefore find and for aught that appears did find that, even if the course of business was as contended by the defendants, there was no such knowledge of and acquiescence in it on the part of the plaintiff as to prevent it from objecting to the payments made by the defendants to the E. S. Wheeler and Company, either on the ground that it had thereby

constituted the E. S. Wheeler and Company its agent to receive payment or had misled the defendants by its silence. It follows that the findings and rulings that were asked for were rightly refused.

*Exceptions overruled.*

*D. E. Webster*, for the defendants.

*J. L. Doherty & W. G. Brownson*, for the plaintiff.