# DECISIONS

OF THE

## SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

---

JOSEPH J. MURPHY vs. JACOB W. SHINBERG.

Essex. December 7, 1938. — September 11, 1939.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Contract*, Validity. *Fiduciary. Attorney at Law. Officer.*

An agreement between a constable and an attorney at law that the constable should not look to the attorney for fees for services rendered at the attorney's request except when fees were advanced by the attorney's clients or were collected by the attorney, involved no fiduciary relationship and was not voidable by the constable merely because he did not have independent advice before he made it.

CONTRACT. Writ in the Central District Court of Northern Essex dated August 19, 1936.

The action was heard by *Cavan*, J.

*J. H. Ramsey*, for the plaintiff.

*E. J. McVey*, for the defendant.

RONAN, J. This is an action of contract to recover for services rendered by the plaintiff, a constable, to the defendant, an attorney at law. The judge found that the parties had entered into an agreement that the plaintiff was not to look to the defendant for his fees except where fees were advanced by the defendant's clients or where such fees were collected by the defendant; that from time

to time the plaintiff examined the defendant's books and was paid when any balance was due him. The defendant has paid, in accordance with this agreement, whatever fees were owed by him to the plaintiff. The judge found for the defendant and for the plaintiff as defendant in a declaration in set-off. He refused to grant certain requests for rulings. The Appellate Division ordered the report dismissed.

The agreement was not void on the ground that the plaintiff did not have any independent advice before he made it. It involved no fiduciary relationship. It was an arrangement for the employment of the plaintiff as constable when the defendant should require such services. The finding in substance and effect that the defendant fully performed his contract negatives any contention that the defendant did not use proper efforts to do all that he was required to do, or that he failed without sufficient cause to enter the writs upon which the plaintiff had made service. The report states that there was no evidence that the plaintiff ever objected that these writs were not entered in court. The fees to which the plaintiff was entitled were fixed by his agreement and the requested rulings based upon the statutory fees were immaterial. The judge was right in refusing all the rulings as inapplicable to the facts found. The plaintiff agreed to look for his compensation only to the fees advanced by the defendant's clients or collected by the defendant and these he has received. *First National Bank* v. *Watkins*, 154 Mass. 385. *Barron* v. *International Trust Co.* 184 Mass. 440. *McCarthy* v. *Parker*, 243 Mass. 465. *Baker* v. *James*, 280 Mass. 43.

*Order dismissing report affirmed.*