Scottish American Company, Appellant, v. Mantle Lamp Company of America, Appellee.

Gen. No. 41,373.

Opinion filed February 17, 1941.

J. A. COBBEY and EARL K. SCHIEK, both of Chicago, for appellant.

W. H. F. MILLAR, of Waynesville, N. C., and NICHOLAS J. MADGEY, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff, the assignee of six accounts receivable from defendant to the Cartons & Specialties, Inc., sued to recover the amount of $2,521.42, said to be due on the accounts. Defendant pleaded payment, accord and satisfaction, adopted and ratified by plaintiff. The issues were submitted to a jury which returned a verdict for defendant. The court overruling motions for

a new trial and for judgment notwithstanding the verdict entered judgment from which plaintiff appeals.

There is practically no dispute as to the facts. Plaintiff argues the judgment for defendant should be reversed and judgment entered here in its favor.

Plaintiff was factor for Cartons & Specialties, Inc., which did business in Chicago. The defendant was a customer of that company, also doing business in Chicago. The contract by which plaintiff agreed to act as factor was made March 4, 1937. From April 29, 1937, to July 23, 1937, plaintiff purchased a considerable number of the accounts. In each account the assignor sent an invoice to the defendant on which was a printed notice that plaintiff was acting as factor for Cartons & Specialties, Inc.; that the account had been assigned to plaintiff, and that payment should be made to the plaintiff at its office. Plaintiff also wrote defendant to the same effect. Notwithstanding, the business was not carried on in that way. On the contrary, the defendant made checks for the amount due to the order of Cartons & Specialties, Inc., and delivered these checks to it, which in turn indorsed and delivered the checks to plaintiff who accepted the same. Seventeen such checks are in evidence, representing other transactions between the same parties. Plaintiff made no particular objection to this way of doing business until August 13, 1937, when having learned that checks for the accounts now sued on had been sent by defendant to Cartons & Specialties, Inc., but not forwarded to plaintiff a statement was sent to defendant and a letter written which said: ''We desire to call your attention that these invoices are assigned and payable only to Scottish American Company, to whom all checks are to be sent.'' In fact, defendant had sent to Cartons & Specialties, Inc., 5 checks payable to its order, covering the amounts of these accounts. Cartons & Specialties, Inc., did not forward these checks to plaintiff or indorse the same to it, but on the contrary deposited the same in its own account.

This fact was called to the attention of Mr. Boyle of Cartons & Specialties, Inc., by a public accountant who was auditing the books of the corporation. Mr. Boyle at once called on Mr. Badger and Mr. Suyr of plaintiff company and explained what had happened. Mr. Boyle told them he had some other accounts and some merchandise which he offered to assign in settlement of the matter. They indicated willingness to accept the settlement and told Mr. Boyle to write a letter outlining the same. He did so on August 20, 1937. The new accounts with the certificate for the merchandise, which had been stored in a bonded warehouse, were assigned, delivered to and accepted by plaintiff, and on August 20, the accounts were credited on its books as paid in full.

In early October, Cartons & Specialties, Inc., filed a petition in bankruptcy, and March 23, 1938, Fred E. Hummel, who had been appointed trustee, filed a petition in the bankruptcy court which in substance averred that the transaction of August 20, 1937, was made while the bankrupt was insolvent and that it amounted to an unlawful preference. The petition stated the trustee had been offered $1,750 by plaintiff to settle his claim and asked the advice of the court. An order was entered giving the trustee leave to settle for that amount, and plaintiff gave to the trustee its check for that sum. Both these settlements so far as the record shows were made without the knowledge or consent of defendant.

The court by an instruction given at the request of defendant submitted to the jury the question of whether plaintiff by acquiescence and approval and by failure to protest constituted Cartons & Specialties, Inc., its agent to accept payment of these accounts and forward the same to it. By its verdict the jury gave an affirmative answer.

There is no doubt as a general rule that payment to a nominal creditor after notice of assignment is no defense to a suit brought by the assignee. *Chicago*

*Title & Trust Co. v. Smith,* 158 Ill. 417, 424; *State Street Furniture Co. v. Armour & Co.,* 259 Ill. App. 589, 594.

Plaintiff contends on the authority of *City Bank of New Haven v. Wilson,* 193 Mass. 164, 79 N. E. 246, that the facts here were not sufficient to constitute Cartons & Specialties, Inc., the agent of plaintiff to receive payment of these accounts and forward the same to it. The cases are distinguishable in that there the trial court had found there was no agency while in this case the verdict of the jury, approved by the trial court, is in effect that an agency existed. We agree with plaintiff that an agency is not to be lightly inferred, and that the burden is on defendant paying to a third party under such circumstances, to prove the authority of the third party. 1 Mechem on Agency (2d Ed.) p. 667; *Schomaker v. Petersen,* 103 Cal. App. 558, 285 Pac. 342.

The controlling facts here are, however, uncontradicted. Whether we regard the payment made to Cartons & Specialties, Inc., as authorized or unauthorized and whether the act was contractual or tortious, plaintiff with full knowledge and without consulting defendant made a full settlement with Cartons & Specialties, Inc., in satisfaction of its acts in appropriating these accounts. It may not now be heard to assert that the act was wrongful and without authority. It received and appropriated the benefits. It ratified both in whole and in part. 1 Mechem on Agency (2d Ed.) p. 264. In the Restatement of the Law of Agency, vol. 1, ch. 4, par. 82, p. 197, the rule as to ratification is stated to be: "Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him." We hold that by the settlement made with Cartons &

Specialties, Inc., on the 20th of August, 1937, plaintiff ratified payment of these accounts to the assignor corporation.

Plaintiff contends this ratification was rendered void as constituting a payment by way of preference contrary to sec. 60 of the Bankruptcy Act (11 U. S. C. A., sec. 96). This section has been construed in numerous cases and it has been uniformly held that in order to constitute such a preference the bankrupt must have been insolvent at the time of the transaction, the transaction must have taken place within 4 months of the bankruptcy, the transaction must have resulted in the creditor receiving a larger percentage of his debt than other creditors of the same class, the transaction must have diminished the estate of the bankrupt and the person receiving the preference must have had reasonable cause to believe at the time that the payment would effect such a preference. *Abeken v. United States,* 26 F. Supp. 170; *Haas v. Sachs,* 68 F. (2d) 623. The authorities also agree that to the determination of the question of preference as against an adverse party in possession a plenary suit is necessary. *In Re Graessler & Reichwald,* 154 Fed. 478; *Consani v. Brandon,* Id.; Remington on Bankruptcy (4th Ed.) vol. 5, sec. 2134.

Defendant was not a party to the first settlement of August 20, 1937, between the assignor and plaintiff nor the subsequent settlement made between plaintiff and the trustee in bankruptcy. There is not a scintilla of evidence tending to show that on August 20, 1937, this defendant had any reason to believe that the assignor was bankrupt. Plaintiff made that settlement voluntarily and without any adjudication of which defendant had notice or to which it was a party. It would be most unfair to make these settlements without any notice to defendant or opportunity on its part to contest and afterward hold defendant to be bound

thereby. We hold, as a matter of law, defendant was entitled to judgment in its favor, and the judgment will be affirmed.

*Judgment affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.