KNIGHT, ALLEN & CLARK, INC. vs. GEORGE A. FARREN.

Suffolk.  March 2, 1943. — March 29, 1943.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Contract*, Implied, Consideration.

One, who made an assignment of money due him from a third person and agreed to keep any money collected by him from his debtor separate and to hold it in trust for the assignee, and who thereafter collected money from the debtor and did not pay it to the assignee, became liable to the assignee as for money had and received to the assignee's use.

A creditor having a claim for a liquidated amount was entitled to recover the full amount thereof from the debtor notwithstanding that the parties had agreed that the debtor should pay a smaller amount in satisfaction of the claim and that the debtor had sent the creditor a check for the smaller amount which the creditor had not cashed.

CONTRACT. Writ in the Municipal Court of the City of Boston dated March 3, 1941.

In the first count of the declaration the plaintiff sought to recover $376.98 and interest upon an account annexed for merchandise sold and delivered to the defendant in 1938; in the second count to recover, with interest, $76.98 as money "assigned" to the plaintiff by the defendant on May 7, 1940, but thereafter collected by the defendant and not paid over to the plaintiff; and in the third count to recover, with interest, $71.68 as money "assigned" to the plaintiff by the defendant on August 20, 1940, but thereafter collected by the defendant and not paid over to the plaintiff. There was no statement in the declaration that the counts were for the same cause of action.

Upon removal to the Superior Court, the action was heard without a jury by *Higgins*, C.J., who found in substance, among other things, that after various negotiations for settlement between the parties the plaintiff's attorney made an offer calling for the "payment in full of the amount of the assigned accounts . . . described in" the second and

third counts of the declaration, together with twenty-five per cent "on the old balance"; that the defendant's attorney "accepted the . . . offer" and sent to the plaintiff's attorney a check for a certain amount "which included full payment of the two . . . assigned accounts" plus twenty-five per cent "of the old balance"; that the "check remains uncashed"; that subsequently the plaintiff's attorney "made another offer of settlement . . . which remains unacted upon." There was a finding for the plaintiff for "the full amount . . . in all counts" of the declaration. The defendant alleged exceptions.

*J. F. McLaren*, for the defendant, submitted a brief.

*A. T. Wasserman*, for the plaintiff.

Cox, J. This action of contract was tried in the Superior Court without jury. The first count of the declaration was on an account annexed. The second and third counts alleged that the defendant made separate assignments to the plaintiff of moneys due the defendant from separate sources, and that the defendant had collected the sums assigned, but had not paid them to the plaintiff. The defendant answered that the plaintiff offered to compromise its claim "for a certain liquidated sum"; that the defendant accepted the offer and paid the sum agreed upon, and that the plaintiff sought to secure a secret advantage in fraud of the other creditors of the defendant. It was agreed that the amount specified in the first count was correct, and that the defendant executed the alleged instruments of assignment, collected the moneys represented therein, and did not pay the same to the plaintiff.

The alleged instruments of assignment each contained the following statement: "it being expressly understood and agreed that any sums of money collected by . . . [the defendant] from . . . [his alleged debtor] to the extent of . . . [the amount stated] will be kept separate by . . . [him] and held in trust for the . . . [plaintiff]." The trial judge, who made findings of fact, found that the plaintiff was entitled to recover the full amount claimed, and denied certain requests of the defendant for rulings. We consider the requests that have been argued by the defendant.

The fourth and fifth requests are as follows: "4. That to constitute a valid assignment there must be a perfect transaction between the parties, intended to vest in the assignee a present right in the thing assigned; and an agreement to pay a certain sum out of a fund one is entitled to receive, when received, does not operate as a legal or equitable assignment. . . . 5. That the alleged assignments . . . being, without the consent of the drawee, for a part only of the fund to become due to the defendant, are void at law because the partial assignee is not an attorney with power to sue in the name of the assignor." The fourth request was denied as inapplicable and in contradiction to the facts found, and the fifth was denied as being inconsistent with the facts found.

The defendant collected the sums that he had agreed to keep separate and hold in trust for the plaintiff, and did not pay them to it. He must be held to have assumed an obligation, in the circumstances, to pay this money to the plaintiff, and for his failure so to do, an action for moneys had and received would lie. *Arms* v. *Ashley*, 4 Pick. 71, 73. *Sherman* v. *Werby*, 280 Mass. 157, 160. *G. E. Lothrop Theatres Co.* v. *Edison Electric Illuminating Co. of Boston*, 290 Mass. 189, 192. Although the second and third counts may not allege technically that they are for money had and received, we think that, in effect, they do. No question of pleading has been raised. See *Botti* v. *Venice Grocery Co.* 309 Mass. 450, 458; *Krinsky* v. *Stevens Coal Sales Co. Inc.* 309 Mass. 528, 533. Moreover the judge found that the alleged assignments were valid and were for the full amounts due from the defendant's debtors. See *Andrews Electric, Inc.* v. *St. Alphonse Catholic Total Abstinence Society*, 233 Mass. 20, 22. There was no error in the denial of the fourth and fifth requests.

The defendant's eighth request, that "the agreement between the parties, however arrived at, for payment of the . . . [sums specified in the assignments] in full, was in fraud of other creditors, parties to the composition agreement," was denied as being inconsistent with the facts found. There was evidence that the defendant's attorney sent let-

ters to all his creditors, including the plaintiff, offering to pay each of them twenty-five per cent of the amount of his claim in full settlement; that assents were received from all creditors except the plaintiff; that there was no general agreement executed with the creditors; and that after the letters were sent, the defendant proceeded to settle with each creditor. There also was evidence of correspondence that passed between the parties and of a conference between their counsel and representatives, and that the plaintiff never accepted the offer of settlement, but, on the contrary, submitted a counter offer. The judge found that this counter offer did not, by its terms or otherwise, have any relation to settlement with other creditors of the defendant; that the plaintiff did not approve of or participate in any composition deed or agreement among creditors; and that any agreement entered into by the plaintiff and defendant was an independent one. He also found that there was no basis for the defendant's contention that the plaintiff was guilty of any fraud in attempting to secure a portion of the assets greater than the portions of other creditors. His ultimate finding as to the nature of the agreement was that it was an independent one to accept in satisfaction and discharge of the "liquidated debt" a sum less than the full amount due. There was no error in the denial of the eighth request.

The remaining request that was argued, that "on all the evidence the plaintiff cannot prevail," was denied for the reason that it was inconsistent with the facts found. There was evidence that the defendant's check for less than the entire amount due was sent to the plaintiff, purportedly in accordance with an offer of the plaintiff's attorneys that had been made some fifteen days earlier. This check remains uncashed, and after it was sent the plaintiff's attorneys made another offer of settlement which was not acted upon. The judge, in connection with his finding that the agreement between the parties to accept in satisfaction and discharge of the liquidated debt a sum less than the full amount, also stated that such an agreement was not binding unless there was some consideration to support it

other than the payment or promise of the debtor to pay such lesser sum. His ultimate finding for the plaintiff fairly imports a finding that there was no other consideration.

The facts found bring the case within the general rule that a promise to accept a lesser sum in discharge of a debt for a greater amount is not binding. *First National Bank of Boston* v. *Cartoni*, 295 Mass. 75, 78. *Dickman* v. *McClellan*, 302 Mass. 87, 88. *Emerson* v. *Deming*, 304 Mass. 478, 481. See *Rosenblatt* v. *Holstein Rubber Co.* 281 Mass. 297, 300–303. There was no error in the denial of the first request.

*Exceptions overruled.*