FIRST NATIONAL STORES INC. *vs.* H. P. WELCH CO.

Suffolk. February 10, 1944. — April 29, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Carrier,* Contract carrier, Common carrier.

In an action by a shipper against a carrier of goods for loss of a shipment, findings that the defendant, although it had no permit from the department of public utilities to do business as a contract carrier, was in its relation with the plaintiff a contract carrier and not a common carrier and was not liable to the plaintiff because it was not negligent, were warranted on evidence that, although it did a substantial business with others as a common carrier under government authority, it for several years had done business with the plaintiff under private contracts at rates lower than those required to be charged by common carriers.

There is no statutory provision that one holding common carrier permits but in fact transporting goods as a contract carrier without a contract carrier permit shall be deemed a common carrier respecting that transportation or held to a common carrier's liability for loss of the goods.

TORT. Writ in the Municipal Court of the City of Boston dated December 2, 1942.

The case was heard by *Spiegel,* J.

*E. P. Shaw,* for the plaintiff.

*S. H. Babcock,* (*G. M. Taylor, Jr.,* with him,) for the defendant.

RONAN, J. This is an action of contract or tort to recover for loss of goods alleged to have been in the possession of the defendant as a common carrier when they were destroyed by fire in the early evening of September 18, 1941. These goods were contained in nine trailers belonging to the defendant which had been placed at or near the unloading doors of the plaintiff's warehouses in Charlestown. The trailers contained canned goods which had been hauled by the defendant from various steamship piers in Boston. The parties and the trial judge considered the case as one involving intrastate commerce. The plaintiff operated a large

number of grocery stores. The defendant, a corporation, was engaged in the transportation of goods for hire. It had a certificate issued by the Interstate Commerce Commission authorizing it to operate as a common carrier over regular routes throughout Massachusetts, New Hampshire and Vermont, and also a permit from the commission authorizing it to engage in the business of a contract carrier over irregular routes in these three States. On September 18, 1941, it was, and for some years prior thereto had been, the holder of a certificate from the department of public utilities of this Commonwealth which authorized it to operate throughout the State as a common carrier on regular and irregular routes. It did a substantial business here as a common carrier. Prior to 1938, it was the holder of a permit from the said department which entitled it to do business here as a contract carrier. Statute 1938, c. 483, § 2, required a reclassification of contract carrier permits. A hearing was held before said department on April 12, 1939, upon the application of the defendant for reclassification. The examiner of the department made a notation that the defendant was to be granted a contract carrier permit upon furnishing the department with copies of its contracts and the minimum rates charged its customers in this State. No such information was given to the department and a permit was never issued. For many years the defendant had transported goods from the steamship piers in Boston to the plaintiff's warehouses in Somerville for which it was paid at the rate of four and one half or five cents per hundred pounds, which on January 1, 1939, was increased to five and one half cents. It had transported goods from these piers to the plaintiff's warehouses in Charlestown for ten years before the fire in accordance with an oral contract and was paid at the rate of five and one half cents per hundred pounds. This rate was substantially lower than the rate the defendant charged for the carriage of goods as a common carrier. The judge found that as between the parties the defendant was a contract carrier and that the loss was not caused by any negligence of the defendant. He found for the defendant. He refused to

rule that the defendant was a common carrier of the goods and that, in the absence of a contract carrier permit, the defendant could not have the status of an intrastate contract carrier of these goods. The plaintiff appealed from a decision of the Appellate Division dismissing the report.

A common carrier is one who holds himself out to the public as one willing to furnish his facilities for the transportation of goods or persons indiscriminately to all who apply to him for the rendition of such services, up to the extent of his facilities, upon the payment of reasonable compensation, *Dwight* v. *Brewster*, 1 Pick. 50; *Buckland* v. *Adams Express Co.* 97 Mass. 124; *Goodman* v. *New York, New Haven & Hartford Railroad*, 295 Mass. 330, while a private carrier is one who holds himself out as ready to furnish transportation for hire only to those with whom he chooses to deal in accordance with such contracts as he makes with them. *Houle* v. *Lewonis*, 245 Mass. 254. *Haddad* v. *Griffin*, 247 Mass. 369. *Dion* v. *Drapeau*, 254 Mass. 186. Whether a corporation is a common or a private carrier does not depend upon its chartered powers or the name under which it does business but depends upon the nature and character of the business actually conducted and the methods and means employed. *Buckland* v. *Adams Express Co.* 97 Mass. 124, 129. *Paine Furniture Co.* v. *Acme Transfer & Storage Co.* 290 Mass. 195. *Terminal Taxicab Co. Inc.* v. *District of Columbia*, 241 U. S. 252, 254. *United States* v. *Brooklyn Eastern District Terminal*, 249 U. S. 296, 304. *United States* v. *California*, 297 U. S. 175. *Davis* v. *People*, 79 Colo. 642. *Ace-High Dresses, Inc.* v. *J. C. Trucking Co. Inc.* 122 Conn. 578. *Dawkins Lumber Co.* v. *L. Carpenter & Co.* 213 Ky. 795.

The trial judge has decided that the defendant in its agreement with the plaintiff and in the performance of that agreement was acting as a contract carrier. Findings of fact made by a judge in an action at law cannot be reversed by this court unless they cannot be sustained upon any rational view of the evidence including all reasonable inferences of which the testimony is susceptible. *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445, 449. *Woodman* v. *Haynes*,

289 Mass. 114, 116. *McKenna* v. *Andreassi*, 292 Mass. 213, 215. *Codman* v. *Beane*, 312 Mass. 570.

The plaintiff contends that, as the defendant was authorized to act as a common carrier and not as a contract carrier, the judge was in error in finding that the defendant was engaged in transporting the plaintiff's goods in the latter capacity. The fact that during several years the defendant was transporting goods from the steamship piers to the plaintiff's warehouses — during a part of which period the defendant held a contract carrier permit — it received compensation for the transportation at a rate substantially lower than that charged for the same transportation as a common carrier — which common carrier rates the defendant was bound to charge and the plaintiff to pay if the parties were dealing with each other for common carrier carriage, G. L. (Ter. Ed.) c. 159B, § 6, as appearing in St. 1938, c. 483, § 1 — would properly support an inference, which the judge apparently drew, that the defendant was hired by the plaintiff to render services as a contract carrier. The general finding that the defendant was a contract carrier in reference to the transportation of the goods which were destroyed carries with it every implied finding, not inconsistent with the subsidiary findings, necessary to support the general conclusion reached by the judge. *Adams* v. *Dick*, 226 Mass. 46. *Dolham* v. *Peterson*, 297 Mass. 479.

Our laws impose a penalty upon one who without authority engages in the business of a contract carrier, and also provide for the issuance of an injunction against the continuance of the business by one who has no permit to do so, G. L. (Ter. Ed.) c. 159B, § 21, as appearing in St. 1938, c. 483, § 1; *New York, New Haven & Hartford Railroad* v. *Deister*, 253 Mass. 178; *Barrows* v. *Farnum's Stage Lines, Inc.* 254 Mass. 240; *Short Line, Inc.* v. *Quinn*, 298 Mass. 360, but nowhere in our statutes is there a provision that one transporting goods for hire as a contract carrier shall be deemed to be a common carrier if he has no contract carrier permit. We need not decide whether such a provision would be valid in cases where a defendant conducted not only a substantial business as a common carrier but also

a large business as a contract carrier. *Michigan Public Utilities Commission* v. *Duke,* 266 U. S. 570. *Frost & Frost Trucking Co.* v. *Railroad Commission of California,* 271 U. S. 583. *Smith* v. *Cahoon,* 283 U. S. 553. See *Commonwealth* v. *Boston & Maine Transportation Co.* 282 Mass. 345, 350; *Goodman* v. *New York, New Haven & Hartford Railroad,* 295 Mass. 330, 333–334; *Washington* v. *Kuykendall,* 275 U. S. 207, 210; *Continental Baking Co.* v. *Woodring,* 286 U. S. 352; *Stephenson* v. *Binford,* 287 U. S. 251; Williston on Contracts (Rev. ed.) § 1071.

The defendant is not seeking the enforcement of its contract with the plaintiff, and the case is plainly distinguishable from many of those relied upon by the plaintiff. The plaintiff cannot recover damages for breach of the defendant's duties as a common carrier when the evidence shows, and the judge found, that the parties did not deal with each other on a common carrier basis. It does not follow that, because the defendant had no contract carrier permit, the contract it made to convey the plaintiff's goods was a contract to transport the goods as a common carrier. The plaintiff could, by paying the regular rates established for the transportation of its goods by one acting as a common carrier, have secured full protection for its goods, but having failed to secure and pay for such protection it cannot now impose such a liability on the defendant. *Robertson* v. *Old Colony Railroad,* 156 Mass. 525. *Sasinowski* v. *Boston & Maine Railroad,* 74 Fed. (2d) 628. *Bernardi Greater Shows, Inc.* v. *Boston & Maine Railroad,* 89 N. H. 490. *Kimball* v. *Rutland & Burlington Railroad,* 26 Vt. 247. *Miles* v. *Enumclaw Co-operative Creamery Corp.* 12 Wash. (2d) 377.

The judge was not required to rule, as he was requested to do by the fifth request, that the defendant was a common carrier of goods. It is true, as stated in the sixth request, that the defendant could not have the legal status of a contract carrier, which we understand to mean that the defendant could not lawfully engage in the business of a contract carrier. However correct that might be as an abstract proposition of law, the plaintiff was not harmed by its refusal, for it is clear that, the judge having found that the

defendant was not negligent and by necessary implication that the defendant did not act as a common carrier, the plaintiff could not recover. *Hall* v. *Kotowski*, 251 Mass. 494. *Crowninshield Shipbuilding Co.* v. *Jackman*, 283 Mass. 21. *Paine Furniture Co.* v. *Acme Transfer & Storage Co.* 290 Mass. 195. *Murphy* v. *Shinberg*, 304 Mass. 1. *Ajax Shoe & Leather Co.* v. *Selig*, 305 Mass. 389. *Dellamano* v. *Francis*, 308 Mass. 502. *Kelley* v. *American Sugar Refining Co.* 311 Mass. 617. *Knight, Allen & Clark, Inc.* v. *Farren*, 313 Mass. 405.

*Order dismissing report affirmed.*