## FLEMING v. RAILWAY EXPRESS AGENCY, Inc.

No. 9161.

Circuit Court of Appeals, Seventh Circuit.

May 24, 1947.

William E. Remy, David London, George Moncharsh, Albert M. Dreyer and William W. Kapell, all of Washington, D. C., Amos J. Coffman, Geo. E. Leonard, Jacob Cohen and Isadore L. Kovitz, all of Chicago, Ill., for appellant.

Kenneth F. Burgess, James F. Oates, Jr. and Geo. A. Raney, Jr., all of Chicago, Ill., Walter J. Cummings, Jr., of Washington, D. C. (H. S. Marx, of New York City, Walter M. Nold and Sidley, Austin, Burgess & Harper, all of Chicago, of counsel), for appellee.

Before EVANS and MINTON, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Plaintiff brought this suit to recover treble damages for defendant's alleged violation of the Emergency Price Control Act[1] as amended, and the General Maximum Price Regulations,[2] issued thereunder, and also to restrain the defendant from thereafter rendering or supplying services at prices higher than the maximum price established therefor, by said Regulation.

Defendant answered and denied any violation of the General Maximum Price Regulations. It particularly denied that the services rendered by it for the railroads constituted a sale of such services at prices within the meaning of the Emergency Price Control Act and Regulations thereunder. In other words, it contends that it rendered services for the railroad as their agent and not as a seller. It also argued that in performing its miscellaneous services, defendant acted as a common carrier within the exemption of Section 302(c) of the Emergency Price Control Act. This exemption reads as follows: "* * * Provided, That nothing in this Act shall be construed to authorize the regulation of * * * (2) rates charged by any common carrier or other public utility * * *."

Defendant also denied violation of the Act or of any Regulation.

Upon a pre-trial conference, the Court succeeded in bringing to a head all the issues in the suit. This was accomplished by the filing of certain affidavits, followed by a motion on the part of the defendant to dismiss the complaint, and by a motion on the part of the plaintiff to strike portions of the defendant's answer essential to its defense. Affidavits and exhibits presented the facts which supported or explained the aforesaid motions.

With the issues and facts satisfactorily cleared up, the Court heard counsel, who later filed briefs. Later the Court filed a careful memorandum (Bowles v. Railway Express Agency, 65 F.Supp. 852). Its conclusion was for the defendant. A decree in accordance with the views thus expressed in the opinion was duly entered. Plaintiff has appealed therefrom.

The two determinative legal questions are

(1) Was defendant outside the reach of the Emergency Price Control Act because it is a "common carrier or other public utility" and therefore exempt under Sec. 302 (c) (2) of the Act?

(2) Did defendant make a sale of its services at a price to the railroads, within the meaning of the Emergency Price Control Act, and the Regulations thereunder?

As to the second defense, we are in accord with the views expressed by Judge Campbell (65 F.Supp. 852). We could not improve on his statement of the facts and his reasons for the conclusion reached. We adopt the same as our own.

As an added reason for affirmance, we hold defendant was not subject to the provisions of the Act because it was a "common carrier or other public utility." That it was a common carrier is established by the decision of the Court in United States v. Brooklyn Terminal, 249 U.S. 296, 39 S.Ct. 283, 63 L.Ed. 613, 6 A.L.R. 527. See also Union Stock Yards v. United States, 308 U.S. 213, 60 S.Ct. 193, 84 L.Ed. 198; Powell v. United States, 300 U.S. 276, 57 S.Ct. 470, 81 L.Ed. 643.

---

[1] 50 U.S.C.A.Appendix, § 901 et seq.

[2] 7 F.R. 3153, issued April 28, 1942, effective May 11, 1942.

We are convinced that a common carrier is one who, for hire, engages in transporting commodities from one place to another, or in connection with another carrier, such as a railroad. It does not step outside its common carrier status because it only renders part, though a necessary part, of a transportation service, or because it renders its service as an agent of a common carrier.

We are not justified in giving the language of Congress, when it passed the Act in question, a narrow construction. It seems clear that Congress did not wish to give authority to two rate or price making bodies. It therefore exempted "Common carriers or other public utilities" because they were subject to regulation by the Interstate Commerce Commission or to state regulatory commissions.

In Dunham & Reid v. Porter, Em.App., 157 F.2d 1022, the court denied plaintiff authority to regulate rates even though said rates are not as yet regulated by state or Federal authority.

The case of Fleming v. Chicago Cartage Co., 7 Cir., 160 F.2d 992, is in harmony with the views here expressed.

The decree is affirmed.