**SEA INS. CO. v. SINKS.**
No. 9356.

Circuit Court of Appeals, Seventh Circuit.
Feb. 27, 1948.

Rehearing Denied March 16, 1948.

David C. Ruttenberg and Marvin H. Ruttenberg, both of Chicago, Ill., for appellant.

Joseph Harrow and Edward J. Gulanick, both of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This appeal arises from a judgment in favor of the defendant dismissing plaintiff's action that it be allowed to recover the value of wallpaper which was destroyed by

fire while in the possession of defendant. Plaintiff's action was predicated on the ground that it was the subrogee of Central States Transit Company (hereinafter called Central), a freight forwarder, which engaged the defendant's cartage company to deliver the wallpaper in question. The case was heard by the court without a jury, and appropriate findings of fact and conclusions of law therefrom were rendered.

The amended complaint states that in May, 1944, Central, properly authorized by the Interstate Commerce Commission as a freight forwarder, directed defendant as a common and local carrier to pick up a railroad shipment of wallpaper and deliver it to certain designated consignees; that defendant picked up the shipment but failed to deliver it; and that as a common carrier he was an insurer for the safety of the shipment. The complaint further alleges that, in the alternative, while the wallpaper was in the custody of defendant he was a bailee for hire and as such owed the duty of reasonable care for its safety. Additional facts found in the record are to the effect that Central, with its principal place of business in Chicago, was engaged exclusively in the business of freight forwarding of wallpaper; that in regard to the shipment in question, two railroad cars of wallpaper were shipped from the east coast to Chicago, and consigned to Central in care of defendant.

The agreement between Central and defendant was that the cars would be placed at defendant's siding where the wallpaper was to be unloaded by defendant and delivered by his trucks to destinations in Chicago. The agreement further provided that defendant was not to issue any bills of lading nor share in any tariff. The deliveries were to be made on Central's freight bills and at agreed prices for unloading and delivering. While the shipment of wallpaper in question was in the possession of defendant it was partially destroyed by a fire of unknown origin, which burned defendant's dock and the trailers alongside the dock. Plaintiff became subrogated to any claim that Central might have had when it paid to Central the loss claims made by the original shippers.

The determinative issue is whether defendant in performing the work in question was acting as the agent of Central. If so, then defendant is not liable unless the proof shows that he was negligent. If defendant was not acting as the agent of Central, but instead, was acting in the capacity of a common carrier or a bailee for hire, he was either an insurer of the wallpaper or was bound to exercise reasonable care in the handling of it.

In support of its position that defendant was not Central's agent, plaintiff points to the conceded facts that at the time of the loss defendant possessed certificates of convenience and necessity from both the Interstate Commerce Commission and the State of Illinois, under the provisions of the Illinois Truck Act, Ill.Rev.Stat.1947 c. 95½, § 240 et seq. It is unquestioned that if the agreement between the parties is subject to the provisions of either certificate then defendant is a common carrier. Generally, both certificates in question are permits to operate as common carriers, and the Illinois certificate is a permit designating defendant *as a local carrier*. Plaintiff argues that the certificates define the legal status of defendant and that once properly authorized he may only deal with the public as a common carrier.[1]

No decisions were cited for the proposition that if a trucker is certified as a common carrier he is automatically excluded from specially contracting in any other capacity. Bowles v. Wieter, D.C., 65 F. Supp. 359, and Bowles v. Chicago Cartage Co., D.C., 71 F.Supp. 92, affirmed, Fleming v. Chicago Cartage Co., 7 Cir., 160 F.2d 992, were predicated upon actions by the Office of Price Administration Administrator against truckers operating under certificates of public convenience and necessity for alleged violations of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq. In holding the defendants in

[1] The I.C.C. certificate apparently is not applicable to the shipment under review because the Motor Carrier Act, 49 U.S.C.A. § 301 et seq., provides that terminal area operations and deliveries wholly within the corporate limits of a municipality are exempt from the Act.

those cases exempt from the Act as common carriers it was held that their activities come within the definition of common carriers. In affirming Fleming v. Chicago Cartage Co., supra, this court held that the status of common carriers is not lost upon the rendering of the service as an agent of the common carrier. See also Fleming v. Railway Express Agency, 7 Cir., 161 F.2d 659, 661. These cases do not attempt to answer the question of whether a person holding a certificate as a common carrier may by contract agree to act in a capacity to the exclusion of his status as a common carrier. They do, however, indicate that the test to be applied in determining whether one's activity is that of a common carrier is the evidence adduced from the nature and conduct of the business.

Concededly, Illinois law is applicable. It holds that the question of whether the defendant was a common carrier is one of fact to be determined from the nature of the activity engaged in. Rathbun v. Ocean Accident Corp., 299 Ill. 562, 566, 132 N.E. 754, 19 A.L.R. 140; Beatrice Creamery Co. v. Fisher, 291 Ill.App. 495, 498, 10 N.E.2d 220. Even more definitive language, and not contrary authority, is found in United States v. California, 297 U.S. 175, 181, 56 S.Ct. 421, 80 L.Ed. 567, that the question is not dependent upon a firm's corporate character or its declared purposes but upon what it does. See also First National Stores v. Welch, 316 Mass. 147, 55 N.E.2d 200, 201.

Judge Barnes, in his findings of fact, found that Central hired defendant to act as its agent and not as a common carrier in the handling of the wallpaper. In this regard defendant testified that his agreement with Central was formulated in 1942 or 1943 and that it was one of agency; that the exclusion of the name of his firm from the freight bills was part of the agreement; and that Central was to provide the necessary insurance. The president of Central denied that he had made any statement regarding the agency and insurance. The findings of fact, of course, must withstand the scrutiny of this court unless clearly erroneous. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. We cannot say the finding was clearly wrong.

A common carrier is defined as one who indiscriminatively undertakes, for hire, to transport either commodities or persons, or both. Rathbun v. Ocean Accident Corp., supra. That defendant had permits to transport as a common carrier is conceded, and we believe that the applicable case law stands for the proposition that whether he did contract other than as a common carrier is to be determined by reviewing all the surrounding facts and circumstances. The controverted agreement between the parties and their conduct in not naming defendant in the bills of lading, in not allowing him to participate in the tariff, and in not using his delivery receipts, must be characterized as substantial evidence that the relationship was one of principal and agent. The fact that defendant was to use his own men and equipment in performing the work for Central just as he did when operating as a common carrier, while significant, loses much of its effect when coupled with the further fact that Central had no equipment of its own, and under any arrangement between the two, defendant necessarily would have had to use his equipment and men.

Nothing in the Illinois Truck Act prohibits a trucker such as defendant, who possessed a certificate to operate as a local carrier, from entering into a private agreement exclusive of his certificate. True, § 250 of the Act does state that upon the issuance of the certificate the carrier is restricted "under such certificate to the performance of the services and operations of the carrier defined under the classification so elected by him." This would seem to mean that when operating as a local carrier, a certificate holder must operate strictly in conformance with the Act. In any case we are not presuming to pass upon the question of whether the agreement was in violation of the Act, because the enforcement of the Act is within the province of the State Department of Public Works and Buildings in a proceeding in the State courts.

Plaintiff makes the point that the burden of establishing an agency rested upon de-

fendant, Dean v. Ketter, 328 Ill.App. 206, 210, 65 N.E.2d 572; that an agency is not to be lightly inferred, Scottish American Co. v. Mantle Lamp Co., 308 Ill.App. 432, 436, 31 N.E.2d 982; and earnestly argues that defendant failed to present the requisite proof of the existence of an agency between Central and defendant. It says that defendant's testimony that he was hired as an agent was a mere conclusion not worthy of carrying the burden of proof, and hence, the finding that defendant was an agent was clearly erroneous.

The relationship of principal and agent is often established not only from the words of the parties, but also from their conduct with reference to the subject matter of the contract; hence it will be enough to say that while the testimony in question may not be determinative of the proof of the agency, yet when considered with the evidence and circumstances surrounding the agreement and the conduct of the parties, the trial court could reasonably infer that the relationship existed in fact and therefore was sufficient proof. 2 Am.Jur. § 443.

Holding as we do that the agreement between the parties designated defendant as an agent, we need not inquire into the question of negligence in the causing of the fire, because plaintiff's policy of insurance covered Central and its agents.

The judgment of the District Court is affirmed.