*Southern Division*

*District Court of East Norfolk*

No. 89003

**TED MORRISON**

v.

**ELIAS M. LOEW**

(*This opinion has been abridged.*)

*Present*: NASH, P. J., WELCH AND SGARZI, JJ.

*Welch, J.* This is an action of contract to recover for labor and materials furnished by the plaintiff to the defendant, on an account annexed, as follows:

## "A"

Item 1, July 1952 to September 2, 1952, rewiring single family house to two separate apartments at 1074 River Street, Hyde Park, install ceiling outlets, switches, plugs, provide separate meter and bell system for each apartment            $550.00

Item 2.   Furnish fixtures as requested            80.30

Item 3.   Total            $630.30

The defendant's answer was a general denial, payment and Statute of Frauds.

The defendant duly filed the following requests for rulings:

1.  There is insufficient evidence to warrant a finding for the plaintiff.

2.  If the Court finds that neither the defendant nor any wife or minor child of the defendant did own or occupy the property on which plaintiff performed work before, during or after the performance of said work, the Court must find that the plaintiff cannot recover unless plaintiff performed his work under an express contract with the defendant.

3.  The plaintiff cannot recover on an express contract in this action because he has not declared on an express contract.

4.  If the Court shall find that the plaintiff had completed a greater part of the work for which he now makes claim prior to any communication with the defendant and that as to such part the plaintiff could not have reasonably relied on any agreement express or implied by the defendant to pay him for such work, then as to such part of the work the Court must find that the plaintiff cannot recover.

5.  If the Court finds that the defendant agreed with the plaintiff to pay plaintiff a debt due for plaintiff's work for another, then the Court cannot, as a matter of law, find for the plaintiff based upon such agreement,

     (a)   because said agreement is not in writing, and

     (b)   because plaintiff does not declare on an express contract.

6.  The plaintiff, in order to recover, must by a fair pre-

ponderance of the credible evidence prove that he performed work for the defendant's benefit or under an agreement with the defendant; and (2) the fair value of said work.

7. If the Court shall find that after the greater part of the work for which the plaintiff makes claim was completed, the defendant, without obligation so to do, told plaintiff he would pay for said work, plaintiff cannot recover because there was no consideration for said promise of defendant.

The Court ruled as follows on the requests, Nos. 1 and 2 denied, 4 denied on facts, 3, 5, 6 and 7 granted, and made the following findings of fact:

"Defendant hired a man to do carpentry work pulling down partitions in a single-family house that was being remodelled into a two-family house. Not having hired an electrician, defendant asked carpenter to get an electrician to give an estimate for rewiring the house, the carpenter to communicate with defendant in regard to it. Carpenter got an estimate from plaintiff for rewiring the three story building for $550, and communicated this estimate to the defendant over the telephone in the presence of plaintiff. Defendant told carpenter to tell electrician to start work and to take his instructions from defendant's sister-in-law, a tenant of the premises that were being remodelled. The carpenter left the job when defendant failed to pay him his entire bill. Plaintiff became concerned and contacted defendant when he was one-third through the rewiring job. He finished the work when defendant assured him that he would be paid. Plaintiff did all the rewiring work to the satisfaction of and following instructions of defendant's sister-in-law who charged $80.30 worth of electrical fixtures to plaintiff's account. I find for the plaintiff in the sum of $550 plus $80.30 for fixtures, a total of $630.30."

The defendant claims to be aggrieved by the denial of his requests for rulings numbered 1, 2, and

4, and by alleged inconsistencies between the rulings granted and the findings of fact.

The evidence supported the Court's findings and these findings cannot be set aside, revised or reviewed except when there is no foundation for them in the evidence. *Bangs v. Farr*, 209 Mass. 339, 341. *First National Stores, Inc. v. H. P. Welch Co.*, 316 Mass. 147, 149.

The defendant argues that the plaintiff cannot recover on *quantum meruit* and that there can be no recovery based upon an express contract since the plaintiff did not declare on an express contract. The plaintiff was not suing on a *quantum meruit*, but used a common count to recover the amount due for labor and materials. The evidence shows that the contract was performed and nothing remained but the payment of money. The plaintiff could declare either on the contract or on a general count. *Fisher v. Doe*, 204 Mass. 34, 38.

Defendant raises the point that there is an inconsistency between the finding and the granting of Request No. 7. This point should have been raised by a motion for correction of the finding or a motion for a new trial. *Langdoc v. Gevaert Co. of America, Inc.* 315 Mass. 9, 12. *Raytheon Mfg. Co. v. Indemnity Insurance Co. of North America*, 1956 AS 387, 390.

There was no prejudicial error in the denial of the requests and in the finding of the trial judge and therefore the report is dismissed.