No. 28602

**THOMAS J. McGRIMLEY**

v.

**BOWDOIN SQUARE GARAGE, INC.**

(April 28 — June 2, 1961)

*Present:* Adlow, C. J., Gillen & Canavan, JJ.

Case tried to *Roberts, J.*

*Canavan, J.* This is an action of contract and tort in which the plaintiff seeks to recover damages in the following counts as material:

1. For wrongful conversion of the plaintiff's automobile;

3. For failure of the defendant to deliver to the plaintiff "upon offer of payment of consideration" the automobile in question.

The defendant's answer consists of general denial and a defense that the defendant towed the plaintiff's motor vehicle at the direction of the Boston Police Department; therefore the towing was privileged.

The trial judge found the following facts:

The plaintiff parked his automobile after 4:30 p.m., April 25, 1960, on Cornhill in Boston. He knew that it was illegal to park there at that hour of the day. Shortly thereafter an officer of the Traffic Division of the Boston Police Department instructed a representative of the defendant to tow the automobile to its garage. The automobile was brought by the defendant into the garage at 4:52 p.m. The plaintiff, having gone to Station No. 1 of the Boston Police Department, and discovered that his car had been towed by the defendant, later appeared at the garage, asked for delivery, and offered to write a check for the towing and storage fee. The agent of the defendant then on duty at the garage declined to accept a check. After making inquiries at several places the plaintiff succeeded in cashing his check. He returned to the garage, paid the fee in cash, and his car was released to him at 6:54 p.m. There was no evidence of damage to the motor vehicle of the plaintiff.

There was evidence given by the defendant that the defendant had a written contract with the Boston Police Department for the towing of illegally parked motor vehicles and that the contract was awarded to the defendant on

the basis of competitive bids after advertisement. There was also introduced into evidence a copy of a certificate of the Department of Public Utilities granting permission to the defendant to file M.D.P.U. No. 2, referring to "Towing of illegally parked motor vehicles between points in City of Boston", and specifying certain charges and storages in connection with such towing."

At the close of the trial and before the final arguments the plaintiff made the following requests for rulings:

(1) That from the testimony offered by the defendant it did not show proper authorization by the Department of Public Utilities of the Commonwealth of Massachusetts under General Laws, Chapter 159B, sections 3, 4 and 6 to tow the plaintiff's motor vehicle, thus the act of towing is an act of conversion by the defendant.

(2) That the defendant did not show by evidence at the trial that it conformed to the Acts of 1955, Chapter 315; that the defendant was an independent contractor selected on the basis of competitive bids and that the act of towing by the defendant of the plaintiff's car was an act of conversion.

The presiding judge denied the plaintiff's requests for rulings, and found for the defendant.

The plaintiff claiming to be aggrieved by denial of his requests for rulings brings this report.

We consider first the judge's denial of re-

quest No. 2 that the defendant failed to show that it conformed to Acts of 1955, Chapter 315 in the matter of being an independent contractor selected on the basis of competitive bids.

The reported evidence shows that the defendant had at all relevant times a contract with the Boston Police Department for the towing of illegally parked motor vehicles and that it was selected on the basis of competitive bids after advertisement. This is all that Acts of 1954, Chapter 369, as amended by Acts of 1955, Chapter 315 requires to establish the privilege.

Requested ruling numbered 2 should have been denied.

The plaintiff relies on sections 3, 4 and 6 of Chapter 159B and contends that since the defendant has not introduced any evidence to show compliance with these sections then the defendant could not legally engage in the towing business, thus the act of towing is an act of conversion by the defendant.

Section 3 of Chapter 159B covers the certificate authorizing operations of common carriers and the steps necessary to qualify in order to secure said certificate from the Department of Public Utilities.

Section 4 of Chapter 159B covers permits issued to contract carriers and the steps necessary to qualify in order to secure said permit from the Department of Public Utilities.

Section 6 of Chapter 159B covers rates and

charges, tariffs, and rules and regulations of common .carriers.

There was evidence of a copy of a certificate of the Department of Public Utilities, filed under the provisions of section 6 of Chapter 159B, wherein the Department of Public Utilities granted permission to the defendant to file M.D.P.U. No. 2 referring to · "Towing of illegally parked motor vehicles between points in Boston and specifying certain charges and storages in connection with such towing."

It does not seem likely that the Department of Public Utilities would authorize a schedule of rates of the defendant as a carrier under section 6 of Chapter 159B if the defendant did not qualify as a carrier under sections 3 or 4 of Chapter 159B.

There is a presumption in favor of the legality and regularity of public officers. *Whiting v. Malden & Melrose Railroad Co.,* 202 Mass. 298.

The inferences to be drawn in a given matter depend on facts, circumstances and teachings of experience with regard to them. *Mucha v. Northeastern Crushed Stone Co., Inc.,* 307 Mass. 592.

The presiding judge was warranted in inferring that the defendant complied with sections 3 or 4 of Chapter 159B in view of the uncontradicted testimony that the Department of Public Utilities authorized a schedule of rates submitted by the defendant in accord-

ance with the provisions of section 6 of Chapter 159B.

The presiding judge properly denied requested ruling numbered 1.

Finally, we are of the opinion that any noncompliance with the provisions of Chapter 159B would not affect the rights of the parties to this action. *D'Aloisio v. Morton's, Inc.,* 1961 A.S. 431, 437; *First National Stores, Inc. v. H. P. Welch Co.,* 316 Mass. 147, 150-151.

*Report dismissed.*

Owen Gallagher of Boston, for the Plaintiff.
John M. Reed of Boston, for the Defendant.